HAMITER, Justice.
 

 Following a plea of guilty entered by the defendant (Warren Williams) to a charge of simple burglary, the state filed a bill of information in which it alleged him to be a fourth offender, under the provisions of LSA-R.S. 15:529.1, he having previously been convicted and given consecutive sentences (a total of nine- years) as follows:
 

 “(1) Case No. 6901, docket of the Circuit Court of Dallas County, State of Alabama, c'rime of burglary, and on . November 22, 1943, was convicted and sentenced to a term of three years at the State Board of Corrections at Montgomery, Alabama.
 

 “(2)
 
 Case No. 6902, docket of the-Circuit Court of Dallas County, State of Alabama, crime of burglary, and on November 22, 1943, convicted and sentenced to serve a term of three years, at the State Board of Corrections at Montgomery, Alabama.
 

 “(3) Case No. 6903, docket of Circuit Court of Dallas County, State of Alabama, crime of burglary, and on, November 22, 1943 convicted and sentenced to serve a term of three years at the State Board of Corrections at Montgomery, Alabama.”
 

 To such bill of information the defendant-tendered a motion to quash.
 

 The district judge, noting that the alleged', three previous convictions occurred on the-same day (although for separate crimes),, reasoned that under the multiple offender-statute the “Enhanced punishment for one-who ‘commits’ an offense
 
 after
 
 having previously done so, necessarily contemplates an. interval between the previous ‘conviction’, and the ‘commission’ of the next offense.”' Accordingly, he concluded that the defendant could be sentenced only as a second offender (he viewed the three previous concurrent convictions as constituting, for the purpose of the statute, merely one conviction)-; and he ordered “that the State elect.
 
 *865
 
 which one of the three previous convictions alleged to have occurred in the State of Alabama it will proceed upon, and insofar as the remaining two convictions, it is ordered that same [bill of information] be quashed, set aside, and held to be of no effect.” (Brackets ours.)
 

 Alleging that the ruling of the trial court was contrary to ou'r interpretation of the statute and our holding in State v. Clague, 224 La. 27, 68 So.2d 746, 747, the state, by means of an application for remedial writs, successfully invoked our supervisory jurisdiction.
 

 In the Clague case (the factual situation of which was substantially identical with that presently under consideration) the defendant, immediately following his conviction on April 30, 1953 for simple burglary, was charged and sentenced pursuant to the provisions of the multiple offender statute as a triple felonious offender, he having been convicted and sentenced in 1951 for two similar crimes committed on the same date in adjoining premises of a double structure. At no time was he charged and sentenced as a second offender. In affirmation of the trial judge’s action this court observed: “We do not think that it is necessary for the defendant to have been charged as a double offender in order that he might be charged as a triple offender. What is mandatory is that he has been tried and convicted of two previous offenses. * * *
 

 * ‡ * * * *
 

 “The punishment is for the third crime, and it is heavier because the accused has-become an habitual offender. The defendant becomes a third offender at the time he commits the third crime, and the punishment is incurred at that time. * * * ”
 

 With the view and for the purpose of having us overrule the Clague decision the argument is made that under multiple offender legislation, which is directed at recidivism, “The increased penalties for habitual offenders are not intended to follow according to a numerical count of the offender’s crimes, but are imposed for his successive failures to rehabilitate himself. The result is that two or more offenses of a contemporaneous nature amount to but one offense.”
 

 This argument might be effective if addressed to the lawmakers. But with respect to a judicial interpretation of the particular statute under consideration it has no merit. The language of LSA-R.S. 15 :- 529.1 is clear and unambiguous and can only be construed as was done in the Clague case, particularly in view of the following •unequivocal provisions thereof: “ * * *
 
 If the judge finds that he has been convicted of a prior felony or felonies,
 
 or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted,
 
 the court shall sentence him to the punishment prescribed in this statute,
 
 and shall vacate the previous sentence if already imposed, deducting
 
 *867
 
 from the new sentence the time actually served under the sentence so vacated.” (Italics ours.)
 

 For these reasons the ruling complained of is annulled and set aside, defendant’s motion to quash is overruled, and the cause is remanded to the trial court for further proceedings according to law and not inconsistent with the views hereinabove expressed.