**Abner LYNCH, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 71–3571**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.
Nov. 28, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Leslie D. Ligon, Clinton, La. (Court-Appointed), for petitioner-appellant.

Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

During a prison riot at the Louisiana State Penitentiary in Angola, Louisiana, in 1965, Abner Lynch, having been sentenced to a ten-year term for armed robbery, cut eight fellow inmates. He was charged, consequently, with several criminal offenses. Tried and found guilty of simple battery, he was sentenced to two years imprisonment to run concurrently with his ten-year sentence. He subsequently pleaded guilty to a charge of aggravated battery and a charge of criminal conspiracy to commit extortion. He was sentenced to two consecutive two-year terms to run consecutively with his 1964 sentence.

After having apparently exhausted his state remedies, Lynch moved for leave to file a petition for writ of habeas corpus in the federal district court. The petition was denied. On appeal, this Court reversed and remanded the case to the district court for findings on the voluntariness of Lynch's guilty plea. Lynch v. Henderson, 438 F.2d 977 (5th Cir. 1971).

On remand, the case was reviewed by a magistrate who concluded on the state court record that Lynch's claims had no merit and that no hearing was necessary. On the basis of the magistrate's findings of fact and conclusions of law, the district court denied the petition.

Petitioner bases this appeal on four grounds, none of which is meritorious.

■ 1. Lynch was indicted on eight counts of aggravated battery, and he pleaded not guilty. The prosecution dismissed the indictment and substituted eight bills of information charging aggravated battery. Lynch contends that his Fourteenth Amendment right to due process was violated by the substitution of the bills of information for the multi-count indictment.

We find, to the contrary, no abuse of process. The district attorney was not trying to prolong the case. Appellant committed eight separate battery offenses, and the district attorney, in dismissing the original grand jury indictment,

merely complied with Article 493 of the Louisiana Code of Criminal Procedure which provides that only one offense shall be charged in each indictment.

2. The aggravated battery charges did not violate the doctrines of double jeopardy and collateral estoppel. Although the same evidence was presented to the jury that found petitioner guilty of a lesser, included offense, each battery committed on the eight individuals involved a separate act and constituted a distinct offense.

3. The transcript of the trial proceedings demonstrates that Lynch was not denied his right to jury trial by threats of multiple trials which allegedly coerced him into entering a guilty plea.

4. Time has mooted petitioner's final argument that the presumption of innocence was denied him by the State's requiring him to be handcuffed, shackled, and in prison garb during trial. The two-year sentence, which was served concurrently with his ten-year prior sentence, was completed by 1967, and no collateral consequences from the conviction are apparent.

Affirmed.