283 So.2d 210 (1973)
STATE of Louisiana ex rel. James Henry JACKSON
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.
No. 53577.
Supreme Court of Louisiana.
September 24, 1973.
James E. Bolin, Jr., Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for plaintiff-applicant.
William J. Guste, Jr., Atty. Gen., LaRoy A. Hartley, Sp. Asst. Atty. Gen., John A. Richardson, Dist. Atty., Fred C. Sexton, Jr., Asst. Dist. Atty., for defendants-respondents.
SUMMERS, Justice.
Petitioner, James Henry Jackson, was tried and found guilty of attempted forgery on June 11, 1970, in the First Judicial District Court, Parish of Caddo. He was charged on June 26, 1970 in a bill of information *211 with previous convictions under the Habitual Offender Law, La.R.S. 15:529.1. The information charged him as a fourth and subsequent offender. The multiple bill was based on four separate offenses (felony theft) committed on four separate dates in September and October 1966. Four guilty pleas on the same day, February 10, 1967, were obtained as a result of these offenses. Based on the multiple offender bill, Jackson was convicted as a fourth felony offender and was sentenced on July 28, 1970 to twenty years. He appealed to this Court. In considering the contention that the first four offenses constituted one offense since Jackson was arraigned and pleaded guilty on the same date, we said:
The bill of information correctly charges the defendant under R.S. 15:529.1 and correctly sets forth convictions of separate offenses which are sufficient for the multiple offender charge. From an examination of the bill of information as well as the other pleadings and proceedings we find no error patent on the face of the record. (State v. Jackson, 258 La. 632, 247 So.2d 558 [1971])
Subsequent to our decision on May 4, 1971, Jackson applied to this Court for a writ of habeas corpus on May 18, 1973. The application was granted, briefs were submitted, and at oral argument on August 28, 1973 this Court requested supplemental briefs dealing with three questions: (1) whether the court can take cognizance of errors patent on the face of the record in a habeas corpus application; (2) whether the multiple offender law can be used to confuse the defendant prior to trial (Jackson argues that the district attorney indicated that the multiple offender statute would be used if he didn't plead guilty); and (3) if a person pleads guilty to four offenses on the same date, can those convictions be considered as four convictions under the multiple offender statute?

I.
The first question is answered in the affirmative. An indictment in a criminal proceeding is an "error discoverable by a mere inspection of the pleadings and proceedings" as contemplated in Article 920 of the Code of Criminal Procedure State v. Palmer, 251 La. 759, 206 So.2d 485 (1968); State v. Sanford, 248 La. 630, 181 So.2d 50 (1965). And we can discern no reason, and none has been suggested, why this same principle should not apply in a proceeding for habeas corpus. In fact, counsel for the State concedes that if the indictment in question is erroneous it may be considered as an error patent on the face of the record. See also La.Code Crim. Proc. arts. 362, 872 and 882.

II.
Reference by the district attorney to the fact that if defendant stood trial the Habitual Offender Law would be invoked is said to have a chilling effect upon the defendant's right to a jury trial. Aside from the fact that there is nothing of record here to support the assertion that the district attorney did in fact indicate that he would invoke the Habitual Offender Law if the defendant stood trial, if he did do so the threat had no effect on Jackson, for he did in fact stand trial.
Moreover, we cannot approve the contention. It is in the very nature of plea bargains that the prospects under differing circumstances will be discussed freely by the district attorney and the defendant and his counsel. Plea bargains are to be encouraged and fostered. The administration of criminal justice would be seriously hampered without that means of disposing of the case load. Lynch v. Henderson, 469 F.2d 1081 (5th Cir. 1972); People v. Lampson, 6 Ill.App.3d 1099, 286 N.E.2d 358 (1972).

III.
We are of the opinion Jackson was improperly charged as a fourth offender here. After setting forth in Section A that persons who, after being convicted of a felony, thereafter commit any subsequent felony within this state upon conviction of said felony shall be punished *212 (the punishments for second, third and fourth offenses are then set out), Title 15, Section 529.1, subd. B. then continues:
It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender, or that an offender have been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime. Provided, however, that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction; that one shall be deemed a third offender under this Section only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender, whether or not he was adjudged to be a second offender in the prior instance; and that one shall be deemed to be a fourth offender under this Section only if the crime resulting in the fourth conviction shall have been committed after his conviction for a crime which in fact caused him to be a third offender, whether or not he was adjudged to be a third offender in the prior instance.
As it presently provides, the statute is an amended version of the Habitual Offender Statute interpreted by this Court in State v. Williams, 226 La. 862, 77 So.2d 515 (1950). In the Williams Case a convicted defendant was held to be subject to sentence as a fourth offender, even though the three crimes for which he had previously been convicted occurred on the same day and the convictions therefor had been imposed on the same day.
It has been observed since the statute's revision that it is a "legislative repudiation of the Williams case." Bennett, Criminal Law and Procedure, 17 La.L.Rev. 60-61 (1956). We agree. The plain meaning of the statute as it now stands requires that in order for one to be considered a second offender, the second offense must have been committed after the first conviction. To be a third offender the third offense must have been committed after the conviction which caused him to be a second offender, and the fourth offender is one who commits a felony after the conviction which caused him to be a third offender. Bennett, id. The severity of the Habitual Offender Law requires that it be strictly construed. State v. Duncan, 219 La. 1030, 55 So.2d 234 (1951); State v. Bailey, 165 La. 341, 115 So. 613 (1928); State v. Kierson, 140 La. 31, 72 So. 799 (1916).
Accordingly, the sentence is improper. The four 1967 convictions should be treated as one for the purpose of the multiple offender statute.
For the reasons assigned, the case is remanded to the trial court to correct the sentence in a manner not inconsistent with the reasons assigned.