501 So.2d 881 (1987)
STATE of Louisiana
v.
Philip FRANKLIN.
No. 86 KA 421.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
*882 John M. Mamoulides, Dist. Atty., Guy Delaup, Dorothy A. Pendergast, Asst. Dist. Attys., 24th Judicial Dist. Parish of Jefferson, Gretna, for plaintiff-appellee.
John H. Craft, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, BOWES and GAUDIN, JJ.
KLIEBERT, Judge.
The defendant, Philip Franklin, was charged with armed robbery and convicted by a twelve-person jury. The State subsequently instituted multiple offender proceedings pursuant to LSA-R.S. 15:529.1. The trial court adjudged the defendant a third felony offender and sentenced him to 198 years at hard labor without benefit of probation, parole or suspension of sentence. The defendant appealed, asserting the following assignments of error:
(1) the court erred in finding the defendant to be a triple offender;
(2) the evidence presented at trial was not sufficient to justify the verdict; and
(3) any and all errors patent on the face of the record.
The facts relative to the crime for which the defendant was convicted are as follows: On March 13, 1985 at approximately 1:30 a.m. Mrs. Ann Debary and Mrs. Marjorie Beck Wesley were approached by a black male subject as they left their place of employment, Shoney's Restaurant on Clearview Parkway in Metairie. The subject grabbed Wesley by the hair, thrust a gun in her face, and ordered the women to re-enter the restaurant. Debary unlocked the door and found the night porter, Joseph Tripple, standing just inside. The employees were herded into the kitchen and ordered to lie on the floor.
Debary, the manager, was struck several times and forced to open the safe. As the subject removed currency, Debary attempted to disarm him; however, she was overpowered and struck several times on the head with the gun. The subject then grabbed one of Wesley's legs and, after dragging her across the floor, struck her also. The subject escaped with $1200.00 from the safe. Tripple called the police and, upon their arrival, provided a description of the subject and his vehicle.
During the course of the investigation the defendant was developed as a suspect. He was arrested in Gretna on April 18, 1985 while occupying a vehicle with Joseph Tripple. A .25 calibre automatic, which had been purchased by the defendant on February 21, 1985, was found on the right rear floor board. A photographic lineup was prepared and presented to Wesley and Debary; both women identified the defendant as the gunman.
*883 We initially address counsel's first assignment of error; i.e., the court erred in adjudging the defendant a third felony offender.
In the present case the defendant committed the armed robbery on March 13, 1985 and was convicted of the crime on January 7, 1986. At the sentencing hearing on May 5, 1986, the defendant was adjudicated a third offender based on (1) the commission of an armed robbery on April 18, 1985 for which he was convicted on September 27, 1985, and (2) the commission of a forcible rape to which he pled guilty on May 12, 1980. The defendant now contends the trial court erred in adjudicating him a third offender pursuant to LSA-R.S. 15:529.1 because the armed robbery for which he was convicted on September 27, 1985 did not precede the commission of the armed robbery here which occurred on March 13, 1985. In support of his contention the defendant cites State v. Simmons, 422 So.2d 138 (La.1982) which established the rule that in order for the prior offense to enhance a defendant's status as a multiple offender, the offender must have been convicted of the prior offense before the commission of the principal offense.
The State contends the 1982 amendments to LSA-R.S. 15:529.1 specifically and purposefully removed the statutory language which was the foundation of the Simmons decision and therefore "it is clearly suggested that the legislature has willed a return to an interpretation of this statute similar to the holding in State v. Williams, 77 So.2d 515 (La.1955)." In Williams, supra, the Supreme Court held that under the then existing multiple offender law a defendant was subject to sentencing as a fourth offender even though the three crimes for which he had previously been convicted had occurred on the same day and the convictions therefor had been imposed on the same day.
Subsequent to the Williams decision the legislature revised the habitual offender law, LSA-R.S. 15:529.1, to include the following provision:
B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender, or that an offender have been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime. Provided, however, that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction; that one shall be deemed a third offender under this Section only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender, whether or not he was adjudged to be a second offender in the prior instance; and that one shall be deemed to be a fourth offender under this Section only if the crime resulting in the fourth conviction shall have been committed after his conviction for a crime which in fact caused him to be a third offender, whether or not he was adjudged to be a third offender in the prior instance.
The revised version of LSA-R.S. 15:529.1 B was looked upon as a legislative repudiation of the Williams case and resulted in the establishment of the Simmons rule as above stated. See also State v. Lennon, 427 So.2d 860 (La.1983). In determining the effect of the amended Section B above quoted, as regards the time of commission and conviction of offenses used to enhance the status of the offender, Justice Dennis, in the well-reasoned opinion of State v. Wimberly, 414 So.2d 666 (La.1982) at p. 673 observed:
The consistent application of our multiple offender statute and our repeated offense statutes over the years has been that prior convictions, in order to be available for imposition of a greater punishment as a subsequent offender, must precede the commission of the principal offense, that is, the latest prosecution in *884 point of time. Indeed, this is the greatly preponderant interpretation of similar statutes throughout the nation, regardless of the phraseology of the statute (or whether it specifies that the earlier conviction(s) must precede the latest offense), whenever enhanced penalties are provided for a subsequent offense, whether with reference to multiple offender statutes or to other statutes creating a greater degree of criminal liability for a repeater offense. State v. Neal, [347 So.2d 1139 (La.1977)], supra, at 1141, 24 A.L.R. 1247.
In fact, the multiple offender statute was amended in 1956 to avoid a contrary interpretation by this court. See State v. Williams, 226 La. 862, 77 So.2d 515 (1955); Act No. 312 of 1956. The multiple offender statute has ever since provided "that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction." La.R.S. 15:529.1(B).
The only deviation from the general rule seems to be our DWI statute which was amended in 1978 to provide that "[o]n a second conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be" given enhanced punishment. La.R.S. 14:98. The exception proves the general rule that, unless otherwise expressly provided, the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction.
One practical reason for the rule is that, if a defendant's status as a second offender was not determined as of the date that he committed the second felony but the date he was found guilty of the second offense, or the date he pleaded guilty as a second offender, or the date he was sentenced as such, it would be within the power of district attorneys "by delaying the filing of the charges and prosecution of the case, to fix the accused's status as a second offender at practically any time he desired." State v. Dreaux, 205 La. 387, 17 So.2d 559, 560 (1944). This demonstrates that it is the defendant's own act in violation of a statute making it a felony that establishes his status at that time as a second offender "and not the uncertain date left largely in the discretion of the district attorney ... when he will be charged, tried, and sentenced for the commission of the crime." Id. [17 So.2d] at 560-561.
Subsequent to the rendition of Justice Dennis' opinion the legislature, by Act No. 688 of 1982, effective September 10, 1982, deleted all of the second sentence of the above quoted Section B so that R.S. 15:529.1 B now reads as follows:
B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as and adjudged to be a third offender, or that an offender has been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime.
Since the legislature could have clearly stated its intention if it chose to do so, and since it did not repudiate the rule established in the Simmons case by the 1982 amendment, for the reasons stated by Justice Dennis in the Wimberly case we adhere to the rule established by the prior jurisprudence. Thus, the defendant here cannot be sentenced as a third offender because he was not convicted of the second offense (the first committed armed robbery) until after the commission of the armed robbery for which he was convicted in this case.
In his second assignment counsel contends the evidence presented at trial was not sufficient to justify the verdict. The Louisiana Supreme Court in State v. Captville, 448 So.2d 676, 677 (La.1984) at pp. 678 and 679, explained the standard to be used in evaluating such claims as follows:
"An appellate court reviewing the sufficiency of evidence must resolve any conflict in the direct evidence by viewing *885 that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime.2 As stated by this court in State v. Chism, 436 So.2d 464, 470 (La. 1983), La.R.S. 15:438 `may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, [but] it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence'." (Footnote omitted.)
The charge here being armed robbery, the State must prove beyond a reasonable doubt that the defendant: took anything of value belonging to another, from the person of the other or his immediate control, by use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:64; State v. Augustine, 482 So.2d 150 (4th Cir.1986).
Both Debary and Wesley identified the defendant as the subject who forced them back into the restaurant at gunpoint, struck them several times, forced Debary to open the safe, and escaped with $1200.00 in receipts. Thus, the evidence established every element of the crime of armed robbery beyond a reasonable doubt.
In his final assignment defendant requests that we search the record for errors patent. The State has pointed out a sentencing error in that if the defendant's status as a third felony offender is affirmed a life sentence is mandated pursuant to the terms of LSA-R.S. 15:529.1 A(2)(b). However, as we have already determined that the defendant's adjudication as a third felony offender must be vacated, the sentencing error is moot. We have found no other errors patent on the face of the record.
Accordingly, the defendant's conviction is affirmed. The defendant's sentence is vacated and the case remanded to the trial court for resentencing as a second felony offender.
CONVICTION AFFIRMED, SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.