535 So.2d 1103 (1988)
STATE of Louisiana, Respondent,
v.
Ira Joe MIMS, Applicant.
No. 20145-KH.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1988.
Ira Joe Mims, Angola, in pro. per.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Tommy J. Johnson, Asst. Dist. Atty., Shreveport, for respondent.
Before HALL, C.J., and JASPER E. JONES and SEXTON, JJ.
HALL, Chief Judge.
We granted defendant's writ application to review the district court's denial of his application for post conviction relief.
Defendant, Ira Joe Mims, pled guilty on November 22, 1978 to one count of attempted simple burglary and one count of attempted armed robbery. These offenses were committed on April 2, 1978 and June 1, 1978, respectively. He was sentenced to serve four (4) years on the burglary charge and three and one-half (3½) years on the armed robbery charge, consecutively. Mims subsequently committed second degree battery and purse snatching on January 12, 1985. He was billed as a habitual offender under LSA-R.S. 15:529.1 with his two previous 1978 convictions as predicate offenses. Defendant was adjudicated a third felony offender and sentenced to thirty-five (35) years at hard labor for the purse snatching charge. This court affirmed his conviction and sentence in State v. Mims, 501 So.2d 962 (La.App. 2d Cir. 1987).
Defendant asserts in this post conviction relief application that his sentence as a third offender under the Habitual Offender Statute, LSA-R.S. 15:529.1, was improper because his two predicate convictions occurred on the same day. Defendant relies on State, ex rel. Jackson v. Henderson, 283 So.2d 210 (La.1973); State v. Schamburge, 344 So.2d 997 (La.1977); and State v. Taylor, 347 So.2d 172 (La.1977), to support his contention that for the purpose of the habitual offender statute multiple convictions entered on the same day must be treated as one conviction.
The state's position is that these cases have been legislatively overruled by Act 688 of 1982 which deleted a portion of LSA-R.S. 15:529.1(B). The portion deleted in 1982 had been added in 1956. The state contends the statute has been returned to the form it had when State v. Williams, 226 La. 862, 77 So.2d 515 (La.1955), was decided.
Prior to the 1956 amendment, the Supreme Court in State v. Williams, supra, held that all prior convictions of separate offenses could be considered even though the convictions occurred on the same day. By Act 312 of 1956 the legislature re-enacted the Habitual Offender Law and included Section B which provided:
"It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender, or that an offender have been adjudged in a prior prosecution to *1104 be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime. Provided, however, that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction; that one shall be deemed a third offender under this Section only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender, whether or not he was adjudged to be a second offender in the prior instance; and that one shall be deemed to be a fourth offender under this Section only if the crime resulting in the fourth conviction shall have been committed after his conviction for a crime which in fact caused him to be a third offender, whether or not he was adjudged to be a third offender in the prior instance."
In Jackson, supra, the Supreme Court held that the amendment legislatively overruled the holding of the Williams case and that convictions occurring on the same day, even though for separate offenses, could only be considered as one conviction for purposes of the Habitual Offender Statute. See also: State v. Lennon, 427 So.2d 860 (La.1983). State v. Simmons, 422 So.2d 138 (La.1982); State v. Wimberly, 414 So. 2d 666 (La.1982); State v. Sherer, 411 So. 2d 1050 (La.1982); State v. Taylor, supra; State v. Schamburge, supra.
In 1982 the statute was again amended to delete the second sentence of LSA-R.S. 15:529.1(B) which had been added by the 1956 amendment. The apparent intent of the legislature was to overrule the holding of the Jackson line of cases by taking out of the statute the language on which these holdings were based. There is no longer any statutory basis for the Jackson rule.
Since 1982 a number of Court of Appeal cases have applied the one-day, one conviction rule, but it does not appear that the 1982 amendment was raised as an issue. State v. Harris, 510 So.2d 439 (La.App. 1st Cir.1987), writ denied 516 So.2d 129 (La. 1987); State v. Singleton, 444 So.2d 343 (La.App. 1st Cir.1983); State v. Lambert, 475 So.2d 791 (La.App.3d Cir.1985), writ denied, 481 So.2d 1345 (La.1986); State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir. 1986); State v. Monroe, 508 So.2d 910 (La. App. 4th Cir.1987); State v. Caminita, 499 So.2d 1272 (La.App. 4th Cir.1986); State v. Holmes, 497 So.2d 5 (La.App. 4th Cir.1986); and State v. Wilson, 495 So.2d 308 (La. App. 4th Cir.1986). Compare State v. Algere, 474 So.2d 24 (La.App. 4th Cir.1985), writ denied, 475 So.2d 365 (La.1985).
In one Fifth Circuit case, State v. Franklin, 501 So.2d 881 (La.App. 5th Cir.1987), the 1982 amendment was discussed and the court held it did not change the existing rule. However, that case is distinguishable from the instant case because in Franklin the prior conviction was not obtained before the commission of the later offense for which the Habitual Offender sentence was imposed. In the instant case both prior felony convictions were obtained prior to commission of the offense for which defendant was sentenced under the Habitual Offender Statute.
The requirement in Section A of the statute is that the subsequent felony be committed after the prior convictions. Section B provides that it is not necessary that defendant have been adjudged a second offender in order to be adjudged a third offender. Section D provides that if the court finds the defendant has been convicted of a prior felony or felonies, the court shall sentence the defendant in accordance with the statute. Here, it was established that defendant had two prior felony convictions for two separate offenses committed at different times. Under the statute, it matters not that he was convicted and sentenced for the two prior felonies on the same day. He was properly sentenced under the statute as a third offender.
For these reasons, we recall the writ previously granted and affirm the trial court's denial of defendant's application for post conviction relief.
Writ recalled and post conviction relief denied.