552 So.2d 28 (1989)
STATE of Louisiana
v.
Wilfred James MALLETT.
No. CR87-758.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
Writ Denied January 19, 1990.
*29 Wilfred J. Mallett, in pro per.
Wendell R. Miller, Dist. Atty., Jennings, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
DOMENGEAUX, Judge.
On July 9, 1986, appellant, Wilfred J. Mallett, was indicted for simple burglary of a chemical warehouse, a violation of La. R.S. 14:62. On March 13, 1987, appellant was found guilty by a six-person jury of simple burglary. Prior to sentencing, the State filed a habitual offender bill, alleging appellant had been convicted of four felonies prior to the instant conviction. On May 18, 1987, appellant was adjudicated a habitual offender and was sentenced to imprisonment at hard labor for the remainder of his natural life. On initial appeal, as a result of procedural defects in appellant's application for review, this court limited its review to errors patent and affirmed the conviction and sentence. The Supreme Court ordered an extension of time within which the pro se appellant could properly perfect assignments of error for review. State v. Mallett, 526 So.2d 1194 (La.App. 3rd Cir.1988), writ, granted, 536 So.2d 1205 (La.1989). Appellant now seeks review of the court's adjudication of habitual offender status and the sentence imposed based on six assignments of error.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error appellant contends the trial court erred in accepting evidence of prior felony convictions because the trial judge failed to advise appellant of his privilege against self-incrimination prior to his admission of being the same individual previously convicted of the prior felonies alleged in the bill.
On original appeal, a panel of this court reviewed as an error patent on the face of the record the essential merit of appellant's assertion. The court referred to State v. Johnson, 432 So.2d 815 (La.1983) where the state Supreme Court emphasized that an individual's privilege against self-incrimination was not dependent on the nature of a proceeding, acknowledged La.R.S. 15:529.1 recognized a defendant's right to remain silent and implied a court should advise the defendant of that right before the defendant acknowledges a prior felony conviction. As mentioned in the earlier review, a majority of appellate circuits have held that La.R.S. 15:529.1(D) requires the defendant to be advised by the court of the right against self-incrimination before an admission can be used as a basis to adjudicate the defendant a habitual offender. See, State v. Perkins, 517 So.2d 314 (La.App. 1st Cir.1987), writ, denied, 519 So.2d 141 (La.1988); State v. Landry, 525 So.2d 534 (La.App. 3rd Cir.1987); State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988); State v. Jackson, 527 So.2d 1039 (La.App. 5th Cir.1988).
At the habitual offender hearing, the court advised appellant of his right to be tried as to the truth of the allegations according to law and further advised appellant that should he choose to deny the allegations, the State would be required to prove all allegations. The trial judge did not advise appellant of his privilege against self-incrimination or that by acknowledging his predicate offenses he would be waiving the privilege. Appellant acknowledged that he was the same individual convicted in the predicate felonies listed on the multiple offender bill.
In light of the jurisprudence cited above, the failure of the trial judge to advise appellant of his right to remain silent during the habitual offender hearing seemingly appears to warrant a reversal. However, in addition to an admission, habitual offender status may be established by compliance with La.R.S. 15:529.1(F) or *30 by other competent evidence. State v. Lee, 364 So.2d 1024 (La.1978); State v. Melton, 456 So.2d 192 (La.App. 4th Cir.1984). Therefore, if other competent evidence is introduced which establishes the prior convictions, the failure of the trial judge to advise appellant of his privilege against self-incrimination at the multiple offender hearing would constitute harmless error. In our prior opinion in this matter, we set forth in detail the competent evidence adduced by the State to establish defendant's prior convictions. See State v. Mallett, supra at page 1196. This evidence, we conclude, sufficiently identified defendant as the same person previously convicted of the predicate felonies. Therefore, we determine that the trial court's failure to advise defendant of his privilege against self-incrimination prior to his admission was harmless error.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, appellant insists La.R.S. 15:529.1(B) permits enhancing the status for commission of a given felony only if the commission follows conviction of an earlier felony which caused him to be an offender of a lesser status. Appellant argues the habitual offender statute mandates such a sequential requirement. Particularly, appellant argues that to be adjudicated a fourth felony offender the State must establish that: (1) commission and conviction of the first enumerated offense preceded commission of the second, (2) commission and conviction of the second enumerated felony preceded commission of the third offense, (3) commission and conviction of the third offense preceded commission of the principal offense. The State maintains appellant's position misinterprets the law, which merely requires the conviction for each predicate felony to precede the commission of the principal offense.
In State v. Simmons, 422 So.2d 138 (La. 1982), the court reversed an adjudication of fourth offender status because the third felony used for enhancement was committed before the date of conviction for the second predicate felony. The court ruled that La.R.S. 15:529.1, as it read at that time,[1] was intended to set up a sequential requirement for use of predicate felonies.
Subsequent to Simmons, the Louisiana legislature modified La.R.S. 15:529.1(B) such that it presently provides:
It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as and adjudged to be a third offender, or that an offender has been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime.
Despite this modification, the court in State v. Franklin, 501 So.2d 881 (La.App. 5th Cir.1987) stated the substance of the law did not change. In State v. Harris, 510 So.2d 439 (La.App. 1st Cir.), writ, denied, 516 So.2d 129 (La.1987), the court followed the Simmons rationale and reversed an adjudication of a third felony status because the second offense was committed before the guilty plea which constituted the first conviction.
At the habitual offender hearing in the instant case, the prosecution presented evidence of four prior convictions to be used for enhancement, excluding the instant offense *31 which was committed on April 15, 1986.
(1) May 17, 1971, conviction for five counts charging sale of mortgaged property and making false statements;
(2) May 7, 1981, conviction for interstate transportation of stolen property committed on August 24, 1980;
(3) October 15, 1981, convictions for four counts of felony theft committed in July and August, 1980;
(4) June 25, 1982, conviction for felony theft committed June 18, 1980.
Under the holdings of Simmons and Harris it would appear that only one of the final three convictions may be used for enhancement because each was committed before the conviction of any one of the crimes. Under such an analysis, the State could use only two of the four predicate felonies for enhancement of sentence.
However, we decline to follow the First Circuit's holding in Harris, finding that the 1982 amendment to La.R.S. 15:529.1(B) was a repudiation of Simmons, insofar as that case required a sequence of crimes committed and convictions for the use of prior crimes for enhancement purposes. The only sequential requirement in the statute, as it now reads, is that in order to be available for a defendant's adjudication as a multiple offender, a prior conviction must precede the commission of the principal offense. State v. Mims, 535 So.2d 1103 (La.App. 2nd Cir.1988); State v. Lennon, 427 So.2d 860 (La.1983); State v. Franklin, supra.[2] Each of the four prior felony convictions in the instant case, therefore, may be used for enhancement of the principal offense because those convictions were entered before the commission of the principal offense.
For the reasons stated, this assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
By these assigned errors, appellant contests the admissibility of the evidence introduced to establish the third and fourth predicate felonies. Appellant also argues the first predicate felony which was a federal offense should not have been used for enhancement because the analogous state offense constitutes a misdemeanor in Louisiana and because the five year cleansing period had elapsed prior to the commission of the instant offense.
In order for a federal conviction to be used to enhance a conviction, the activity which gave rise to the defendant's federal conviction must constitute a felony under the most analogous Louisiana statute. State ex rel Wilson v. Maggio, 422 So.2d 1121 (La.1982); State v. Brown, 452 So.2d 326 (La.App. 4th Cir.1984). Additionally, to use the prior felony there must have not intervened, before the commission of another felony, five years between the end of the previous sentence and the commission of another felony. The date of the defendant's actual discharge from supervision determines the expiration of a given sentence. State ex rel Wilson v. Maggio, supra.
Initially, it should be noted that the prosecution successfully demonstrated that five years had not intervened between discharge from supervision on the initial predicate offense and the commission of the next predicate felony. The federal probation officer, who identified appellant as the individual convicted in May 1971, testified that appellant was not discharged from supervision until May 16, 1981. This day is clearly within five years of the commission of any of the other predicate felonies as well as within five years of the commission of the principal offense. Therefore, this argument is meritless.
Appellant places much emphasis on State v. Molinario, 383 So.2d 345 (La. *32 1980), cert. denied, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980) in arguing the initial federal conviction would not constitute a felony under the analogous Louisiana law and should not be used for enhancement of sentence. In Molinario, the court ruled the State could not use a prior federal felony conviction for making false statements in an application for a firearm as enhancement because the most analogous Louisiana statute, false swearing in violation of La.R.S. 14:125, constituted a misdemeanor. In the instant case, appellant pleaded guilty to a five count federal indictment for making false statements in violation of 15 U.S.C. 714m(a) and illegal sale of mortgaged property in violation of 15 U.S.C. 714m(c). As held in Molinario, supra, it would appear that the false statements charge would be analogous to La. R.S. 14:125 and could not be used as enhancement of the principal offense even though the charge constitutes a federal felony. However, the substance of 15 U.S.C. 714m(c), which provides for the conversion or sale of property secured by a mortgage in favor of the federal Commodity Credit Corporation,[3] is analogous to La. R.S. 14:67, the Louisiana theft statute, which proscribes, in part, misappropriation by means of fraudulent conduct, practices or representations. It is clear from the federal sentence imposed that the value of the property misappropriated exceeded $500.00. Under the analogous state theft statute, that offense would constitute a felony. For these reasons, the court properly ruled the 1971 federal conviction could be used for enhancement of the principal offense.
Appellant also contests the admissibility of the documentation introduced to establish the 1981 and 1982 felony theft convictions. At hearing on the habitual offender bill, appellant objected to use of each of the predicate felonies on the grounds that they were legally invalid, but he failed to object to the introduction of the documents supporting these convictions. Because appellant failed to object to the admissibility of the documentary proof of habitual offender status for failure to certify, the issue is not properly before this court for review. La.C.Cr.P. art. 841; State v. Brown, 444 So.2d 1346 (La.App. 2nd Cir.1984), writ. denied, 449 So.2d 1343 (La.1984).
For the reasons stated, these assignments of error have no merit.

ASSIGNMENT OF ERROR NO. 5
Appellant asserts that imposition of the maximum permissible sentence under the habitual offender statute is unconstitutionally excessive. Appellant argues that because his prior felony convictions were nonviolent crimes, the imposition of a life term is unconstitutionally excessive and constitutes an abuse of the trial court's sentencing discretion.[4]
La.C.Cr.P. art. 894.1(C) mandates that the "trial court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." The guidelines contained in art. 894.1 contain factors upon which a reviewing *33 court can determine if the sentence imposed is excessive. State v. Cox, 369 So.2d 118 (La.1979). A sentence imposed by the trial court which falls within the statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if the penalty is so disproportionate to the crime as to shock our sense of justice or if it operates to do nothing more than needlessly impose pain and suffering. State v. Cann, 471 So.2d 701 (La.1985); State v. Palmer, 447 So.2d 1159 (La.App. 3rd Cir.1984). The imposition of maximum sentence should be reserved for the most egregious and blameworthy of offenders. State v. Telsee, 425 So.2d 1251 (La.1983). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Prior to sentencing, a hearing was held at which appellant was allowed to rebut and to explain the contents of the presentence investigation report. At sentencing, the trial judge noted that he had considered the presentence investigation report and discussed the potential penalties under the habitual offender law. In imposing the maximum term of natural life, the judge noted appellant's lengthy criminal record, that appellant at various times had state and federal parole revoked, and that the present crime was committed while appellant was on parole. The judge emphasized the loss incurred by the victim in the instant offense and the fact that the appellant solicited others to aid him in carrying out the burglary.
The trial court found no factors in mitigation of appellant's conduct. The judge emphasized society's need for protection and appellant's need for correctional treatment in a custodial environment. The sentencing judge, in finding appellant to be the "worst kind of offender," stated that any sentence less than the maximum would deprecate the severity of the offense and would engender disrespect for the law.
In sentencing, the trial judge complied with art. 894.1(C) by stating the considerations used and the factual basis for the sentence. The judge made a reference to appellant's prior criminal record, to the severity of the instant offense, and to the liklihood of recidivism. In noting these factors, the judge relied upon a presentence investigation report, which was the subject of a hearing and which was made part of the record.
In asserting the excessiveness of his life sentence, appellant cites two cases. In State v. Clements, 433 So.2d 143 (La.1983), the court remanded for resentencing because the sentencing judge failed to articulate reasons for imposing a life sentence. Unlike Clements, in the instant case, the trial judge did not leave a "barren record;" he clearly enunciated justifications for the maximum sentence.
In Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the trial court found a life sentence without benefit of parole imposed upon a criminal defendant convicted of issuing a "no account" check for $100.00 and adjudicated a habitual offender constituted an unconstitutionally excessive sentence. The court noted that the defendant was not a professional criminal, that the principal offense was a passive felony representing a minor amount of money and that the prior felonies were all relatively minor. The court recognized the ability of states to treat habitual offenders more severely than first offenders and acknowledged that economic crimes resulting in substantial losses can be treated more severely than those resulting in losses of a less severe magnitude. Finally, the court chose to distinguish, rather than to overrule, its previous decision in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In that case the court upheld a life sentence imposed upon a third felony offender under a Texas recidivist statute. The defendant's principal offense in Rummel was obtaining $120.75 by false pretenses. The predicate felonies were convictions for passing a forged check in the amount of $28.36 and fraudulent use of a credit card to obtain $80.00. The Solem court ruled the sentence *34 imposed on defendant was much more severe than that imposed in Rummel because the Texas statute allowed for parole whereas the South Dakota statute limited the possibility of early release to commutation by the governor.
In the instant case, the record exhibits that appellant, unlike the defendant in Solem, was a career criminal. Also, the principal offense did not constitute a passive felony but involved organizing, planning and executing a complex criminal conspiracy to deprive the rightful owner of over $143,000.00 of chemicals. Over $16,000.00 of the loss was not covered by the insurance company which also refused to cover the victim after the burglary. In addition to the crimes specified in his habitual offender bill, the presentence investigation demonstrates appellant has several other convictions and numerous arrests dealing with firearms and force against victims. Because the sentence was imposed prior to amendment of La.R.S. 15:529.1 mandating the sentence to run without benefit of probation or suspended sentence, appellant, like the defendant in Rummel, appears eligible for probation, parole or suspension of sentence.[5]
In emphasizing the need for protection of the public, the trial judge noted at the sentencing hearing that appellant had outstanding felony charges in three other parishes. The desire to protect the public from future criminal activity is a legitimate sentencing concern. State v. Thomas, 447 So.2d 1053 (La.1984). Appellant's criminal activity has been regular and systematic. The trial judge's finding that appellant is among the most blameworthy offenders is not manifestly erroneous.
In State v. Siegel, 376 So.2d 492 (La. 1979), the court upheld a life sentence imposed on a fourth offender convicted of simple burglary. Like the instant case, none of the prior felonies in Siegel consisted of crimes of violence against an individual. As in this case, the defendant had a significant prior criminal record and showed little inclination toward rehabilitation.
The sentence imposed in this case was not an abuse of the judge's wide discretion. While severe, the sentence is not so disproportionate to the crime or to the appellant as to shock our sense of justice. Nor does the penalty operate to inflict needless pain and suffering.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 6
By this assignment of error, appellant asks this court to review the record for errors patent. Appellant also reurges arguments briefed in earlier assignments of error.
Finding no errors discoverable on the face of the pleadings and having discussed the issues raised in previous assignments of error, this assignment leaves nothing for review.

DECREE
For the above and foregoing reasons the conviction and sentence of appellant, Wilfred James Mallett, are affirmed.
AFFIRMED.
NOTES
[1] B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender, or that an offender have been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime. Provided, however, that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction; that one shall be deemed a third offender under this Section only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender, whether or not he was adjudged to be a second offender in the prior instance; and that one shall be deemed to be a fourth offender under this Section only if the crime resulting in the fourth conviction shall have been committed after his conviction for a crime which in fact caused him to be a third offender, whether or not he was adjudged to be a third offender in the prior instance.
[2] Although the court in Franklin stated the 1982 amendment did not change the Simmons rule, the Fifth Circuit in that case was not presented with the Simmons fact pattern. In Franklin, the prior conviction was not obtained before the commission of the offense for which the habitual offender sentence was imposed. Hence, the reversal of that defendant's conviction is consistent with this opinion.
[3] Whoever shall willfully steal, conceal, remove, dispose of, or convert to his own use or to that of another any property owned or held by, or mortgaged or pledged to, the Corporation, or any property mortgaged or pledged as security for any promissory note, or other evidence of indebtedness, which the Corporation has guaranteed or is obligated to purchase upon tender, shall, upon conviction thereof, if such property be of an amount of value in excess of $500.00, be punished by a fine of not more than $10,000.00 or by imprisonment for not more than five years, or both, and, if such property be of an amount or value of $500.00 or less, be punished by a fine of not more than $1,000.00 or by imprisonment for not more than one year, or both.
[4] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ. denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.
[5] Acts 1987, No. 774.