KLEES, Judge.
The defendant Gilbert Talley was charged on August 4, 1988, with possession of stolen things valued at $500 or more, a violation of R.S. 14:69. On August 31, 1988, after trial by jury the defendant was found guilty. The trial court found the defendant to be a second offender and on February 1, 1989, the defendant was sentenced as a second offender to serve ten (10) years at hard labor without benefit of good time or parole.
On June 8, 1988, Mr. Nathan Kalana discovered that his 1979 Ford Mustang, purchased the previous year for $3,000, was stolen. Mr. Kalana reported the missing car to the police.
On that same day, Sergeant Warren Keller who had previous dealings with the defendant, saw the defendant driving a 1979 Ford Mustang at a high rate of speed. Sergeant Keller gave chase and saw the defendant turn into a driveway on Gibson Street. When the officer arrived, the car had been abandoned. The steering column of the car was defeated and a screwdriver had been used to start the car. A window of the vehicle was damaged and numerous items had been stolen from the interior of the car. A computer check revealed that this vehicle had been stolen from Mr. Kala-na.
One week later, while Sergeant Keller and several others were chasing a narcotics suspect, they happened upon the defendant’s apartment in the St. Bernard Hous *1194 ing Project. The defendant was then arrested. Ms. Mary Kagler testified that she was the live-in girl friend of the defendant. She testified that she and the defendant helped the defendant’s sister move on June 8, 1988. Ms. Kagler testified that she was with the defendant from early morning until that evening. The defendant’s sister, Ms. Tannya Robinson, also testified for the defendant and corroborated Ms. Kagler’s testimony.
ERRORS PATENT:
A review of the record for errors patent reveals that the district court record and the appellate record do not contain a minute entry from trial. Thus, this Court does not know if the defendant was present, if the correct number of jurors were chosen or if the jury’s vote was correct. A per-cu-riam has been obtained from the trial court stating that the defendant was present at jury selection and when the judgment was rendered, the number of jurors selected and the verdict and vote of the jury. We find no errors patent in this record. ASSIGNMENTS OF ERROR

Counsel’s Assignment of Error 1

By this assignment defense counsel contends that the trial court erred in finding the defendant a second offender. The defendant specifically argues that he was not convicted of a prior felony before he was charged with the present offense and, therefore, the prior felony cannot be used as the predicate offense in the multiple bill.
The defendant was charged in a multiple offender bill with being a third felony offender. The multiple bill was subsequently amended to delete case number 299-425 thereby charging the defendant with being a second offender. In the predicate felony in the multiple bill, case number 327-135“H”, defendant’s plea of guilty on June 30, 1988 occurred after the present offense which occurred on June 15, 1988. The defendant argues that the predicate offense cannot, therefore, be used in the multiple bill to enhance the defendant’s sentence.
The defendant’s argument has merit. R.S. 15:529.1(A) provides, “Any person who, after having been convicted in this State of a felony ... thereafter commits any subsequent felony within this State ...”. By the clear language of this statute, a person must have been convicted of a felony before the later felony was committed. In the present case, the defendant was not convicted until June 30, 1988, whereas the present felony occurred fifteen days earlier.
The State argues that the 1982 amendments to R.S. 15:529.1(B) justify sentencing the defendant as a second offender. However, the amendments to that subsection pertain solely to the required sequence of crimes used as predicate offenses. See State v. Mallett, 552 So.2d 28 (La.App. 3rd Cir.1989); State v. Mims, 535 So.2d 1103 (La.App. 2nd Cir.1988); State v. Franklin, 501 So.2d 881 (La.App. 5th Cir.1987).
“The only sequential requirement in the statute, as it now reads, is that in order to be available for a defendant’s adjudication as a multiple offender, a prior conviction must precede the commission of the principal offense.” Mallett, at 31.
The Fifth Circuit was faced with the identical argument presented in the present case and concluded that the 1982 amendments to R.S. 15:529.1(B) did not affect the status of the law. State v. Franklin, supra.

Counsel’s Assignment of Error 2

By this assignment counsel argues, and the State concedes, that the trial court erred in imposing the defendant’s sentence to be served without benefit of parole or good time eligibility. This Court has held that the trial court has no authority to either grant or deny good time or parole; that such decisions are left to the Department of Corrections. State v. Knight, 548 So.2d 1276 (La.App. 4th Cir.1989); State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988). Accordingly, this assignment has merit.

Defendant’s Pro-Se Assignment of Error 1

By this assignment, the defendant requests a review for errors patent. As dis *1195 cussed previously, we have reviewed the record and find no errors patent.

Defendant’s Assignment of Error 2

By this assignment, the defendant contends that the trial court erred in adjudicating him a multiple offender. This assignment has been found to be meritorious.

Defendant’s Assignment of Error 3

By this assignment, the defendant contends that the evidence introduced at trial was insufficient to convict the defendant of illegal possession of stolen property valued at $500 or more. The defendant makes two additional arguments which pertain to the credibility of witnesses rather than the sufficiency of evidence: 1) the State failed to prove that the defendant was not misidentified; and 2) the State failed to overcome the defendant’s alibi.
As to the defendant’s argument that the State failed to prove that the property possessed by the defendant was valued at $500 or more, the victim in this case testified that he purchased the car the previous year for $3,000 and invested nearly $2,000 in repairs. He further testified that he received an offer of $4,000 for the car and that the vehicle was in excellent condition when it was stolen. This evidence is sufficient to prove that the vehicle was valued at $500 or more. State v. Brown, 537 So.2d 1252 (La.App. 4th Cir.1989); State v. White, 472 So.2d 130 (La.App. 5th Cir.1985).
The defendant’s final arguments refer to the fact finder's assessment of the credibility of the witnesses. The defendant argues that Sergeant Keller’s testimony regarding his identification of the defendant should not have been believed by the jury. Sergeant Keller testified that he observed the defendant driving toward him at a high rate of speed and that he was able to see the defendant through the windshield and also through the driver’s side door as the defendant passed his vehicle. Sergeant Keller testified “there is no doubt in my mind that the defendant before the bar was the driver of that vehicle.” The defendant presented two witnesses, his girlfriend and his sister, who testified that the defendant was helping his sister move the day the vehicle was stolen. However, there is no independent corroboration of the defendant’s alibi and it does not appear that the fact finder’s assessment of the credibility of the witnesses was “clearly contrary to the evidence presented at trial.” State v. Butler, 557 So.2d 471 (La.App. 4th Cir.1990); State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989). Compare State v. Mussall, 523 So.2d 1305 (La.1988).
Accordingly this assignment of error is without merit.
Accordingly the defendant Gilbert Talley’s conviction is hereby affirmed but his sentence as a second offender is vacated and the case remanded for resentencing in accordance with the Court’s opinion.
CONVICTION AFFIRMED.
SENTENCE VACATED.
REMANDED FOR RESENTENCING.