573 So.2d 1106 (1991)
STATE ex rel Tommy PORTER
v.
Robert H. BUTLER, Warden, Louisiana State Penitentiary.
STATE ex rel Vernell NELSON
v.
Robert H. BUTLER, Warden, Louisiana State Penitentiary.
Nos. 88-KH-2685, 89-KH-0123.
Supreme Court of Louisiana.
January 22, 1991.
*1107 John Wilson Reed, for Tommy Porter plaintiff-applicant and Vernell Nelson plaintiff-relator.
Harry F. Connick, Dist. Atty., Jack Peebles, David Arena, Asst. Dist. Attys., for Robert H. Butler defendant-respondent.
HALL, Justice.
On November 15, 1979, Tommy Porter was convicted of three counts of armed robbery arising out of a single criminal episode in which, armed with a gun, he robbed three occupants of an apartment. On March 13, 1979, Vernell Nelson was convicted of two counts of armed robbery arising out of a single criminal episode in which, armed with a gun, he robbed two motorists stopped at an intersection. In each instance, habitual offender bills were filed alleging prior felony convictions, two in the case of Porter and one in the case of Nelson. Porter was adjudicated a third felony offender and was sentenced to serve 49½ years at hard labor on each of his three convictions to run concurrently. Nelson was adjudicated a second felony offender and was sentenced to serve 50 years at hard labor on each count to run concurrently. Porter did not appeal. Nelson's conviction and sentence were affirmed on appeal by this court. State v. Nelson, 379 So.2d 1072 (La.1980).
By pro se post-conviction relief applications, relators contended that it was error to sentence them as habitual offenders under LSA-R.S. 15:529.1 on each conviction obtained on the same day arising from a single criminal incident and charged in a single bill of information, relying on State v. Sherer, 411 So.2d 1050 (La.1982). This court granted writs after relief was denied in the district and appellate courts. Although relators were apparently entitled to peremptory relief under the Sherer decision, we consolidated the cases, appointed counsel to represent relators, and docketed the cases for argument, primarily to reconsider the Sherer decision.[1]
*1108 In Sherer, this court applied the principle enunciated in State ex rel Jackson v. Henderson, 283 So.2d 210 (La.1973), that convictions on more than one count entered on the same date should be treated as one conviction for purposes of the habitual offender statute, and held that only one of the defendant's convictions on two counts of negligent homicide arising out of a single highway accident could be used in sentencing the defendant under a habitual offender bill.
The Sherer holding has been questioned. In a concurring opinion in State v. Lennon, 427 So.2d 860 (La.1983), Justice Lemmon, joined by Justice Watson, wrote:
"Furthermore, the court should take this opportunity to overrule State v. Sherer, 411 So.2d 1050 (La.1982), which misinterpreted La.R.S. 15:529.1 by prohibiting the trial judge from sentencing Sherer, who had been convicted of two felonies on the same day, from being sentenced as a habitual offender on each of the two convictions.2
"2 Sherer was convicted of two counts of negligent homicide. He had previously suffered two felony convictions. This court erroneously held that he could be sentenced as a habitual offender on only one of the two counts.
"I believe that La.R.S. 15:529.1 reflects a legislative intent to expose a person, who has been previously convicted of a felony, to imposition of habitual offender penalties for any felony committed after the date of the prior felony convictions. For example, if a person is convicted of simple burglary and after such conviction (but within the five-year `cleansing period') commits four more burglaries before being apprehended and prosecuted, I believe that person can be sentenced (if convicted) as a second offender for each of the four subsequently committed crimes, whether or not the four subsequent convictions occur on the same day. To the extent that Sherer dictates a different result, the decision should be overruled."
Chief Justice Calogero has called the Sherer decision "wrong" and suggested that it should be overruled. State ex rel Thibodeaux v. Waltzer, 444 So.2d 623 (La.1984), Calogero, J., concurring; State ex rel Alpine v. Butler, 549 So.2d 859 (La.1989), Calogero, J., dissenting.
In Alpine, supra, Justice Lemmon suggested that "the decision in Sherer should be restricted to cases in which the multiple convictions occurred in [a] single consecutive course of conduct."
The Fourth Circuit Court of Appeal has limited the application of Sherer and declined to apply it in cases of multiple convictions obtained on the same date for separate offenses committed on separate dates. State v. Algere, 474 So.2d 24 (La. App. 4th Cir.1985), writ denied 475 So.2d 365 (La.1985); State v. Norwood, 538 So.2d 682 (La.App. 4th Cir.1989).
Judge Ciaccio expressed disagreement with the Sherer decision in his concurrence in State v. Lennon, 496 So.2d 1159 (La. App. 4th Cir.1986):
"If a previously once-convicted felon commits and is convicted of committing two new felonies, his multiple offender status as to the two new crimes is not dependent upon whether the two new convictions are entered on the same date. If convictions on the two new crimes are had on the same date, defendant is a second offender as to each. He is not a third offender. Nor is he a second offender as to only one and a first offender as to the other."
The "one day, one conviction" rule of State ex rel Jackson v. Henderson, supra,[2] relied on in Sherer, provides little support for and certainly does not compel the extension of the rule made in Sherer. In Jackson, the court, as a matter of statutory interpretation, held that multiple prior convictions obtained on the same date could not serve as multiple predicates for a fourth felony adjudication because the predicate felonies were not committed successively after prior convictions as required by LSA-R.S. 15:529.1(B), as amended in *1109 1956.[3] Thus, it was not the fact that the predicate convictions occurred the same day, per se, that precluded the use of more than one conviction as a predicate in a subsequent prosecution, it was the fact that none of the offenses were committed after a prior conviction so as to legally classify the offender a second or third offender as required by the statute. See State v. Simmons, 422 So.2d 138 (La. 1982). Nothing in the statute requires the same analysis or result in dealing with enhancement of the sentences for multiple convictions obtained on the same date.
Thus, there is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same day. Where an offender with a prior felony conviction subsequently commits multiple separate felonies and is thereafter convicted of the subsequent felonies, he is subject to being adjudicated a habitual offender as to each conviction. It matters not that the convictions occur on the same date. Sherer, which involved convictions arising out of a single criminal act, should not be applied to limit enhancement of more than one conviction obtained on the same day arising out of separate criminal offenses committed at separate times.
However, policy considerations support the continued viability of the rule precluding habitual offender enhancement of more than one conviction obtained the same date arising out of a single criminal act or episode. Severe penalty enhancement statutes must be strictly construed. State ex rel Jackson v. Henderson, supra; State v. Duncan, 219 La. 1030, 55 So.2d 234 (1951). The purposes of the habitual offender statute to discourage commission of successive felonies and to enhance punishment for subsequent felonies are not served by enhancing punishment for multiple offenses arising out of one incident of criminal conduct. Multiple convictions obtained the same day for offenses arising out of one criminal episode should be considered as one conviction for purposes of applying the habitual offender law in sentencing.
Accordingly, relator Porter is entitled to the relief he seeks. Having been convicted on the same day of three counts of armed robbery arising out of one criminal episode, it was error to adjudicate him as a habitual offender and sentence him as such on all three convictions.
In No. 88-KH-2685, the adjudications and sentences of Tommy Porter under the habitual offender statute are set aside, and the case is remanded to the district court for resentencing on all three convictions, with adjudication and sentencing as a habitual offender on only one of the convictions.
In No. 88-KH-0123, the writ previously granted is recalled, and the application of Vernell Nelson is dismissed as moot.
NOTES
[1] Nelson's application is now moot. Subsequent to filing of his application in this court, the district court, acting upon another application filed by Nelson alleging a Boykin deficiency in his predicate conviction, vacated the multiple offender adjudications and sentences and reinstated Nelson's original concurrent 25-year sentences.
[2] Jackson has been followed and applied in State v. Schamburge, 344 So.2d 997 (La.1977); State v. Taylor, 347 So.2d 172 (La.1977); State v. Simmons, 422 So.2d 138 (La.1982); State v. Lennon, 427 So.2d 860 (La.1983). See also State v. Chapman, 367 So.2d 808 (La.1979).
[3] By Act 688 of 1982, LSA-R.S. 15:529.1(B) was amended to delete the language added to the statute by Act 312 of 1956 which was interpreted in the Jackson case as repudiating the earlier decision in State v. Williams, 226 La. 862, 77 So.2d 515 (1955), and as requiring that convictions occurring on the same day, even though for separate offenses, be treated as one conviction for the purpose of the multiple offender statute. The Second and Third Circuits of the courts of appeal have held that the 1982 amendment changed the rule of the Jackson line of cases in that the only sequential requirement in the statute as amended is that in order to be available for a defendant's adjudication as a multiple offender, a prior conviction must precede the commission of the principal offense. Thus, convictions for separate offenses committed at separate times can serve as multiple predicates even though the convictions were obtained on the same date. State v. Mallett, 552 So.2d 28 (La.App. 3d Cir.1989), writ denied 558 So.2d 567 (La.1990); State v. Mims, 535 So.2d 1103 (La.App.2d Cir.1988), writ application pending La.S.Ct. No. 88-KH-2816. The effect of the 1982 amendment is not before the court and is not considered in the present case involving sentences imposed prior to 1982.