PER CURIAM.
Defendant, Oza T. Otis, was convicted by jury of one count of manslaughter and two counts of attempted manslaughter. He was ultimately sentenced, as an habitual offender, to 25 years hard labor on the manslaughter conviction and 12% years hard labor on each of the attempted manslaughter convictions, all to run concurrently. The facts of the case and our disposition of his ten assignments of error are reported at 586 So.2d 595, where we affirmed his convictions and sentences.
Pursuant to a partial writ grant from the Louisiana Supreme Court, 589 So.2d 487, we reconsider defendant’s tenth assignment of error (excessiveness of sentence) in light of State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991).
Defendant’s three convictions arose from a single criminal episode. The defendant had a 1983 felony conviction for simple burglary and, after conviction of the instant 1988 offenses, was adjudicated a second felony offender on March 19, 1990. The second felony offender adjudication was based upon the burglary conviction and not upon the instant convictions which arose from a single criminal episode.
In State ex rel. Porter the Louisiana Supreme Court held that, while there is no statutory bar to enhancing multiple separate felony convictions which occur on the same date, policy considerations support the rule that multiple convictions arising out of one criminal episode should be considered as one conviction for the purposes of enhancement. The court then stated the following:
Having been convicted on the same day of three counts of armed robbery arising out of one criminal episode, it was error to adjudicate him as a habitual offender and sentence him as such on all three convictions.
State ex rel. Porter, at 1109.
The record indicates that the three instant convictions were not considered as one conviction for the purposes of applying the habitual offender law in sentencing. The trial court advised defendant that, as a second felony offender, he faced the follow *2 ing minimum and maximum exposures: “a minimum sentence of ten and a half years to a maximum sentence of 42 years at hard labor on the manslaughter charge; a minimum sentence of five and a fourth years to 21 years on the attempted manslaughter on each count.”
As a first felony offender, the maximum sentences for manslaughter and attempted manslaughter are 21 years at hard labor and 10% years, respectively. Defendant was sentenced to 25 years on the manslaughter conviction and to 12% years on each of the attempted manslaughter convictions. Defendant’s sentences reveal that the trial court sentenced defendant as a second felony offender on each of the instant convictions contrary to State ex rel. Porter. These three convictions must be considered as one conviction, for the purposes of enhancement under the habitual offender bill, because they arise from a single criminal episode. Accordingly, we vacate the sentences and remand this matter to the trial court for resentencing on all three convictions, with adjudication and sentencing as a habitual offender on only one of the convictions.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.