# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**17-1108**

**STATE OF LOUISIANA**

**VERSUS**

**MCKARTNEY YOUNG**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NOS. 18591-14 & 6713-15
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**SENTENCE VACATED AND REMANDED.**

**John Foster DeRosier**
**Fourteenth Judicial District Attorney**
**Brett Gaspard**
**Assistant District Attorney**
**Elizabeth B. Hollins**
**Assistant District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana**

**Todd S. Clemons**
**Todd Clemons & Associates**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **McKartney Young**

**GREMILLION, Judge.**

The State of Louisiana appeals the sentence imposed on Defendant/Appellee, McKartney Young, who was adjudicated a third felony offender pursuant to La.R.S. 15:529.1. The State contends that the sentence was illegally lenient. For the reasons that follow, we vacate Defendant's sentence and remand the matter to the trial court for resentencing in accordance with this opinion.

## FACTS

Defendant was indicted by a Calcasieu Parish grand jury with Possession of a Controlled Dangerous Substance—Schedule II (cocaine) with intent to distribute, a violation of La.R.S. 40:967, and Possession of a Controlled Dangerous Substance—Schedule V (codeine) with intent to distribute, a violation of La.R.S. 40:970. Plea negotiations ensued Defendant's entry of a plea of not guilty. Despite the fact that he had not reached an agreement with the State on the recommended sentences, Defendant entered a guilty plea and was sentenced to five years imprisonment on each charge.[1] These sentences were to run concurrently with each other and with a probation violation he was serving at the time.

The State then charged Defendant with being a fourth habitual offender pursuant to La.R.S. 15:529.1. Defendant denied the charge. At the hearing on the habitual offender charge, the trial court adjudicated Defendant a habitual offender, vacated the sentences imposed at Defendant's entry of the guilty pleas, and sentenced Defendant to twenty years imprisonment without benefit or probation, parole, or suspension of sentence.

Defendant filed a motion for new trial and reconsideration of sentence, which the trial court granted. At the new trial on the habitual offender bill, the State introduced evidence to prove that Defendant had been convicted in 2005 of simple

---

[1] During the hearing pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), the State announced its intention to charge Defendant as a habitual offender. Defendant nonetheless pleaded guilty.

burglary and possession of a Controlled Dangerous Substance—Schedule IV, in 2011 of possession of a Controlled Dangerous Substance—Schedule II, and of the 2015 guilty pleas referenced above. According to the testimony of Defendant's attorney at the time of his plea, while the State regularly threatened defendants with being charged as habitual offenders if they rejected a plea offer, Defendant's case was the first and only time he had actually seen the State carry through with such a threat following the entry of a guilty plea. Testimony was also adduced that Defendant had been charged with involvement in a homicide, but the State had dismissed the charges for lack of evidence. That attorney also testified that the State's offer of recommending a sentence of twenty years before the pleas were taken was so high because the State felt that Defendant "had beat a murder charge."[2] Defendant also pointed out to the trial court that the relevant statute, La.R.S. 15:529.1, had been amended in 2017 to lessen the minimum sentence for a fourth and subsequent non-violent offender from thirty years to twenty years. *See* 2017 La. Acts No. 82.

The trial court again adjudicated Defendant a habitual offender. The following discussion occurred:

**THE DEFENDANT:**

Judge Davis. I'm sorry. Yeah. I'm just here just asking for one more chance to show leniency, man. I just had a two-week-old kid. And the things I did in the past, I ain't going to do them no more, and I'm just asking you for one more chance.

**MR. CLEMONS:**

And, judge, I would like to -- my client's, also, father is dying with stage 3 -- stage 4 cancer, judge. I just wanted to point that out to the Court.

**THE COURT:**

Well, I am convinced based on the testimony and based on, you know, things -- information swirls around. Somehow, I remember, some sort, along the way the hint or the suggestion that the murder charge incident was driving a lot of the activities in this

---

[2] Defendant has been charged again with the homicide. At the time of the hearing of the new trial on the habitual offender charge, a motion to quash the charge was pending.

case, you know, on these unrelated drug charges. Plus we do have testimony from the last hearing that -- from the attorney that confirmed that. That's very troubling that that would be a driving force on unrelated drug charges that are nonviolent.

I accept that, and that's part of my decision today to maintain the prior 5 years DOC on all matters to run concurrent, that along with the compelling argument made regarding the change in the law.

Obviously, we can't go back and apply that retroactively, but I wish we could because -- the legislature has done that because it makes so much sense to reduce the timeline or timeframe to allow or to prevent prosecutors from imposing this Habitual Offender Law. And, finally, the obvious facts that these are all drug related, they're not crimes of violence, that is a compelling reason as well.

So I'm comfortable that this is appropriate, the right thing to do. It's constitutionally mandated for the Court to take note of all these matters and avoid an excessive sentence under these circumstances. Okay?

**MR. GASPARD:**

And, Judge, just for the record, is he -- he's being sentenced as to both charges, the possession of CDS II of intent to distribute cocaine and --

**THE COURT:**

Well, you know, on that matter, that's -- that's an odd -- an odd set of circumstances. I don't -- pardon me?

**DEPUTY CLERK:**

Where are those other charges that we're talking about, because the only thing we have is the third and subsequent --

**MR. GASPARD:**

Oh, I'm sorry.

**DEPUTY CLERK:**

-- habitual offender?

**MR. GASPARD:**

It's -- it's going to be under a different docket number that he pled to.

3

**DEPUTY CLERK:**

What is it?

**MR. GASPARD:**

It's going to be under -- let's see -- docket No. 18591-14, that's what he had pled to, and then that was the underlying --some of the underlying charges for the habitual offender bill.

**THE COURT:**

From --

**MR. CLEMONS:**

And then you --

**THE COURT:**

-- a technical standpoint --

**MR. CLEMONS:**

-- vacated that sentence.

**THE COURT:**

-- all I'm doing is sentencing him under the habitual --

**MR. CLEMONS:**

Right.

**THE COURT:**

-- one -- one matter; is that right? I'm a little --

**MR. CLEMONS:**

The record is really confusing, Judge, but I just think what -- if it's clear that your sentence is 5 years concurrent, even if it's 2 matters, I think the record will be clear, and I think that's what I heard you say, so.

**THE COURT:**

Well, the intent is that on everything that he faces, including the habitual offender bill, that it's going to be 5 years DOC to run concurrent with -- to run concurrent with --

4

**MR. CLEMONS:**

With each other, but you also said the probation. Previous, you said probation violation concurrent as well. That's what you said originally.

**THE COURT:**

Well, I -- my -- yes.

**MR. CLEMONS:**

I just want to have the record clear.

**THE COURT:**

If that's in the mix, yes.

**MR. CLEMONS:**

Right. I just wanted to have the record to be clear, even if it's still in the mix, which you're right, it may be a moot point since you already said it once, so.

And, Judge, if we can just ask the record to reflect --

**THE COURT:**

Hang on. Let's make sure -- are you okay?

**DEPUTY CLERK:**

Okay. what is the sentence for the habitual offender?

**THE COURT:**

5 years DOC to run concurrent with any other probation violations or --

**MR. CLEMONS:**

Drug sentences.

**THE COURT:**

-- prior sentences on this defendant or pending.

**MR. CLEMONS:**

Drug case, right.

5

**THE COURT:**

Any sentence he is serving --

**MR. CLEMONS:**

Before you, right.

**THE COURT:**

-- before me --

**MR. CLEMONS:**

Right.

**THE COURT:**

-- is concurrent with this habitual offender sentence that I am imposing.

**MR. CLEMONS:**

And, Judge, I would just ask can you make the record clear that he receive credit for all time served under these docket numbers?

**THE COURT:**

Yes, sir.

**MR. CLEMONS:**

Thank you.

**MR. GASPARD:**

I'd like to note the State's objection for the record, Judge --

**THE COURT:**

Yes, sir.

**MR. GASPARD:**

-- give notice for appeal and request a transcript of the hearing.

**THE COURT:**

Yes, sir.

6

**DEPUTY CLERK:**

And then credit for time served -- what all docket numbers are you asking for? He said for all docket numbers.

**MR. CLEMONS:**

Right. I can give you the ones I have, the 18591-14.

**DEPUTY CLERK:**

That's going to be after --

**MR. CLEMONS:**

Then we have the 6713-15 is the habitual offender. I think that may be the only two.

**THE COURT:**

That makes sense. But back to the issue of cocaine versus codeine, he pled to both.

**MR. CLEMONS:**

Correct.

**THE COURT:**

So the idea that the Court should go back and cherry-pick one or the other and ignore one or the other doesn't make much sense to me. I understand why, because codeine is much less than the cocaine, but that's just -- that would simply be the Court manipulating what he pled guilty to. The cocaine is 2 to 30. Codeine is zero to 5.

**MR. CLEMONS:**

Correct.

**THE COURT:**

In any event, it's going to be a maximum of 5 years DOC concurrent, credit for time served on the habitual so --

**MR. CLEMONS:**

Thank you.

**THE COURT:**

-- for the reasons I've already stated.

**DEPUTY CLERK:**

(Inaudible.)

**THE COURT:**

Yeah. I'm not disturbing anything I've already done, just --
I'm just running concurrent. The sentencing -- the sentence on that
-- on that -- on February 12 (sp) is, what, 5 years?

**MR. CLEMONS:**

5 years, correct.

**THE COURT:**

Yeah.

The State now appeals the sentence, which it contends is illegally lenient.

## ANALYSIS

The hearing on the adjudication took place in September 2017. Until November 1, 2017, the minimum sentence for a third and subsequent non-violent habitual offender would have been twenty years for possession of Controlled Dangerous Substance—Schedule II with intent to distribute. La.R.S. 15:529.1(A)(3)(a). The constitutionality of a mandatory minimum sentence is presumed and rebutting that presumption by clear and convincing evidence is a defendant's burden. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 so.2d 672. A downward departure from the statutory minimum sentence requires that a defendant prove that, in his unusual circumstance, the statutory minimum sentence is not crafted to address his culpability, the seriousness of the offense, or the particular circumstances of the case. *Id.* Even given those findings, a trial court is not empowered to pass whatever sentence it feels is appropriate; it "must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires a sentencing judge to articulate specific reasons why the sentence he imposes. . .is the longest which is not excessive under the Louisiana Constitution." *Id.* at 677.

8

The record in this matter lacks sufficient clarity to allow us to adequately review this matter to determine what specific findings the trial court found were proven by Defendant. Based upon the colloquy quoted above, it appears that the trial court may have been swayed by Defendant's contention that the State vindictively prosecuted him on the two possession charges, but that is not clear. The trial court may have been influenced by Defendant's status as a new father, but that, too, is unclear. Defendant's father's health may have played a role in the trial court's downward departure, but whether it did remains a matter of conjecture. The trial court did not articulate its reasons adequately. Furthermore, La.R.S. 15:529.1 requires that a specific sentence be enhanced.

Therefore, we vacate Defendant's sentence and remand the matter to the trial court for resentencing. The trial court is instructed to provide specific reasons for sentencing, and said reasons should include any factors supporting a downward departure from the statutory minimum and any facts that demonstrate Defendant is "exceptional" so that such a downward deviation is appropriate. Further, the trial court must state which underlying sentence is being enhanced under the habitual offender law.

### DECREE

Defendant's sentence is vacated. This matter is remanded to the trial court for resentencing. The trial court is instructed to articulate with specificity the findings of fact supporting any downward departure from the statutory minimum sentence imposed pursuant to La.R.S. 15:529.1, as it provided at the time of sentencing, in accordance with this opinion. The trial court is also instructed to state which sentence is being enhanced pursuant to La.R.S. 15:529.1.

**SENTENCE VACATED AND REMANDED.**