STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**18-858**

**STATE OF LOUISIANA**

**VERSUS**

**MCKARTNEY YOUNG**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6713-15
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**VAN H. KYZAR**
**JUDGE**

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**SENTENCE VACATED AND
REMANDED FOR RESENTENCING,
WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Brett Gaspard**
**Elizabeth B. Hollins**
**Assistant District Attorneys**
**Fourteenth Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Todd S. Clemons**
**Todd Clemons & Associates**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **McKartney Young**

**KYZAR, Judge.**

The State of Louisiana appeals the sentence imposed on the defendant, McKartney Young, who was adjudicated a fourth habitual offender pursuant to La.R.S. 15:529.1 and sentenced to five years imprisonment for the offense of possession of codeine with the intent to distribute, in violation of La.R.S. 40:970, with the sentence to run concurrently with a previous five-year sentence wherein Defendant's probation had been revoked. The State contends that the sentence is illegally lenient. For the following reasons, we vacate Defendant's sentence and remand the matter to the trial court for resentencing in accordance with this opinion.

## DISCUSSION OF THE RECORD

This matter is before us again for the third time. In *State v. Young*, 17-1108 (La.App. 3 Cir. 5/9/18), 246 So.3d 597, the State appealed the sentence of five years imposed by the trial court in a habitual offender proceeding for possession with the intent to distribute both codeine and for possession with the intent to distribute cocaine, with the sentences to run concurrently to Defendant's sentence in another matter. Therein, this court discussed the procedural history of this case as follows:

> Defendant was indicted by a Calcasieu Parish grand jury with Possession of a Controlled Dangerous Substance—Schedule II (cocaine) with intent to distribute, a violation of La.R.S. 40:967, and Possession of a Controlled Dangerous Substance—Schedule V (codeine) with intent to distribute, a violation of La.R.S. 40:970. Plea negotiations ensued Defendant's entry of a plea of not guilty. Despite the fact that he had not reached an agreement with the State on the recommended sentences, Defendant entered a guilty plea and was sentenced to five years imprisonment on each charge. These sentences were to run concurrently with each other and with a probation violation he was serving at the time.
>
> The State then charged Defendant with being a fourth habitual offender pursuant to La.R.S. 15:529.1. Defendant denied the charge. At the hearing on the habitual offender charge, the trial court adjudicated Defendant a habitual offender, vacated the sentences imposed at Defendant's entry of the guilty pleas, and sentenced Defendant to twenty years imprisonment without benefit o[f] probation, parole, or suspension of sentence.

Defendant filed a motion for new trial and reconsideration of sentence, which the trial court granted. At the new trial on the habitual offender bill, the State introduced evidence to prove that Defendant had been convicted in 2005 of simple burglary and possession of a Controlled Dangerous Substance—Schedule IV, in 2011 of possession of a Controlled Dangerous Substance—Schedule II, and of the 2015 guilty pleas referenced above. According to the testimony of Defendant's attorney at the time of his plea, while the State regularly threatened defendants with being charged as habitual offenders if they rejected a plea offer, Defendant's case was the first and only time he had actually seen the State carry through with such a threat following the entry of a guilty plea. Testimony was also adduced that Defendant had been charged with involvement in a homicide, but the State had dismissed the charges for lack of evidence. That attorney also testified that the State's offer of recommending a sentence of twenty years before the pleas were taken was so high because the State felt that Defendant "had beat a murder charge." Defendant also pointed out to the trial court that the relevant statute, La.R.S. 15:529.1, had been amended in 2017 to lessen the minimum sentence for a fourth and subsequent nonviolent offender from thirty years to twenty years. *See* 2017 La. Acts No. [2]82.

*Id.* at 598-99 (footnotes omitted).

This court vacated the sentence and remanded the matter to the trial court for

resentencing with the following directive:

The trial court is instructed to articulate with specificity the findings of fact supporting any downward departure from the statutory minimum sentence imposed pursuant to La.R.S. 15:529.1, as it provided at the time of sentencing, in accordance with this opinion. The trial court is also instructed to state which sentence is being enhanced pursuant to La.R.S. 15:529.1.

*Id.* at 603.

On June 12, 2018, at the conclusion of the resentencing hearing, the trial court

took the matter under advisement. Thereafter, on June 15, 2018, the trial court filed

a written ruling, wherein it again sentenced Defendant to five years as a fourth felony

offender. Although there were two underlying charges in the habitual offender

proceedings before it, the trial court stated, "the Court sentences the Defendant to

five (5) years for his conviction of fourth habitual offender. This time is to run

concurrent to any other time he is serving, with credit for time served." It further

2

stated, "To the extent this Court has discretion to determine which offense to use for sentencing, the Court opts to use the codeine-based conviction." On June 29, 2018, the State moved for and was later granted an appeal in this matter. At a subsequent hearing on July 25, 2018, the trial court, without orally reading the sentence into the record, stated, "My sentence is what I have written on the ruling that's been provided to all counsel and is filed of record, I presume." The State objected to the sentence during the hearing.

On appeal, the State asserts that the trial court erred in imposing a lenient sentence outside the minimum limits of the habitual offender statute.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is an error patent, which we will address to avoid the error being repeated on remand. First, as discussed above, Defendant's sentence was originally vacated, and the matter was remanded for resentencing with the trial court "instructed to articulate with specificity the findings of fact supporting any downward departure from the statutory minimum sentence." *Id.* at 603.

The court minutes from June 12, 2018, show that the matter was taken under advisement. On June 15, 2018, the trial court issued a written ruling maintaining its prior five-year hard labor sentence. The court minutes from July 25, 2018, and the transcript from the hearing show that the trial court ordered that its previously filed written ruling be made the sentence of the court. However, the trial court did not orally state for the record, in Defendant's presence, its reasons for the sentence nor the actual sentence. Louisiana Code of Criminal Procedure Article 871 requires sentences to be pronounced orally in open court and recorded in the minutes of court.

3

In *State v. Jones*, 517 So.2d 402, 406 (La.App. 5 Cir. 1987), *writ denied*, 522 So.2d 560 (La.1988), *overruled on other grounds by State v. Monk*, 532 So.2d 1143 (La.1988), the court explained, "The purpose of requiring the defendant's presence at sentencing and of pronouncing the sentence in open court is to insure the defendant is apprised of the punishment imposed. See C.Cr.P. arts. 835, 871 and comments thereunder." *See also State v. Kinchen*, 11-9 (La.App. 3 Cir. 6/8/11), 71 So.3d 344. Here, the trial court did not pronounce Defendant's sentence in open court; rather, it merely referred to the written sentencing document. We find that this was insufficient to comply with our law. Accordingly, we vacate Defendant's sentence, and on remand, the trial court is instructed that Defendant's sentence must be pronounced orally in open court and recorded in the court minutes as required by La.Code Crim.P. art. 871.

## OPINION

In its sole assignment of error, the State contends that the trial court erred in imposing an illegally lenient sentence after finding that Defendant was an exceptional case as well as prosecutorial vindictiveness on the part of the State. Within this assignment of error, the State asserts several claims. First, it contends that there was no evidence showing that Defendant was exceptional and, thus, entitled to a downward sentencing departure under *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, and *State v. Dorthey*, 623 So.2d 1276 (La.1993). Second, the State asserts that the trial court found that Defendant was a fourth habitual offender despite the case being presented as a third felony offender case. Third, the trial court improperly applied the habitual offender statute to the lesser of Defendant's two convictions when the State had the right to select the offense to be enhanced. Fourth, the trial court failed to sentence Defendant as a habitual offender on both charges that were subject to enhancement. Fifth, there was insufficient

4

evidence presented to find prosecutorial vindictiveness. Sixth, the trial court's conclusion that the delay in filing the habitual offender action demonstrated an abuse of the State's authority was not supported by the record. Finally, the State, noting the trial court's conclusion that the change in cleansing period from five to ten years would have eliminated one of Defendant's prior convictions, asserts that Defendant would still be subject to a minimum sentence of fifteen years even if the new law was applicable.[1]

The trial court stated the following in its written ruling pronouncing the sentence:

> After a review of the law and the prior transcripts in this case, the Court sentences the Defendant to five (5) years for his conviction of fourth habitual offender. This time is to run concurrent to any other time he is serving, with credit for time served.
>
> The Defendant's convictions are as follows:
>
> 2005 - simple burglary and possession of CDS IV
>
> 2011 - possession of CDS II
>
> 2015 - possession of CDS II (cocaine) with intent to distribute and possession of CDS V (codeine) with intent to distribute - both of these relate to a traffic stop on February 4, 2014 in which the Defendant was found with 9 rocks of crack cocaine and a bottle of codeine.
>
> The evidence submitted at the hearing on May 24, 2017 persuades the Court that five years is the longest sentence which is not constitutionally excessive considering the factors discussed below.
>
> The prior convictions are non-violent, drug offenses. The Defendant admitted he struggles with substance abuse. Imposing a 20 year sentence, which is the statutory minimum, would make no

---

[1] The change in cleansing period was the result of 2017 La. Acts No. 257, § 1 and 2017 La. Acts No. 282, § 1. These amendments also altered some of the sentencing ranges set forth in La.R.S. 15:529.1. However, the punishment to be imposed on a habitual offender is that provided by La.R.S. 15:529.1 as it existed on the date the underlying offense was committed. *See State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317. *Parker*'s pronouncement was incorporated into La.R.S. 15:529.1 by 2018 La. Acts No. 542, § 1, which became effective on August 1, 2018.

The minimum sentence of fifteen years would apply to a third habitual offender sentenced for possession with intent to distribute cocaine under the amendments set out in Acts 257 and 282.

measurable contribution to the goal of punishment and is grossly out of proportion to the severity of the crimes. It is noteworthy that the last two charges of possession with intent to distribute arise out of acts on the same date and time, yet the State seeks to use both convictions for sentencing and enhancement purposes. To the extent this Court has discretion to determine which offense to use for sentencing, the Court opts to use the codeine-based conviction. It is also noteworthy that the charges arise from a traffic stop, rather than, for example, a typical sting-type operation directed at drug trafficking. In other words, the Defendant was not the focus of drug enforcement officials. Instead, the traffic stop had the unfortunate consequence (to the Defendant) of leading to his arrest on the drug charges. Also, while the Defendant pled guilty to possession with intent, the amount of drugs on [sic] his possession at the time of his arrest were arguably on the borderline of amounts to justify possession with intent.

A more troubling aspect of this case is the allegation of prosecutorial vindictiveness related to the 2003 charge of second degree murder. This charge was dismissed in 2005 but was resurrected by an indictment on January 26, 2017.

At the Habitual Offender hearing of May 24, 2017, the attorney for Mr. Young testified that the State made an offer of 20 years DOC to resolve the habitual offender charge. He was told this high offer was made because the State felt like Young "had beat a murder charge." Also, counsel testified that the offer had been directed by the "higher ups" at the District Attorney's office (transcript p. 20-21). This testimony was uncontroverted. Indeed, the undersigned has heard references from the State throughout these proceedings alluding to Mr. Young's prior murder charge. As a result, and because this Court finds that the Defendant has proven prosecutorial vindictiveness, the Court is compelled to deviate from the mandatory minimum. The customs and procedures employed on a daily basis in the 14th Judicial District Court in similar cases would not result in a 20 year offer, or even the filing of an Habitual Offender bill.

In addition to the above, the Court has been impressed by the remorse displayed by the Defendant at various hearings and the support he receives from family members at these hearings. His prior convictions are remote in time and provide further argument that habitualizing him at this late date represents an abuse of the prosecutor's authority.

The defense makes the compelling point that new "cleaning period" [sic] for these charges have been reduced from 10 to 5 years, meaning Mr. Young could not have been adjudicated a fourth offender because the 2005 convictions would be too old. While Mr. Young does not have the benefit of the change in the law, the purpose behind the law should be considered along with the other factors presented in this case.

After reviewing the record, we find that the trial court committed multiple errors in sentencing Defendant, resulting in an illegally lenient sentence as set forth below.

*Offender Classification*

In its ruling, the trial court stated that Defendant was a fourth felony offender while sentencing him to a total of five years imprisonment. The State asserts that Defendant was a third felony offender and should have been sentenced as such. We agree.

This court, it its opinion remanding the matter for resentencing, declared that Defendant was a third felony offender. *Young*, 246 So.3d 597. Further, in *State v. Young*, 17-1107, p. 1 (La.App. 3 Cir. 3/14/18) (unpublished opinion), in which we dismissed the appeal lodged in the trial court docket number for Defendant's underlying convictions, this court stated, "Although the record of a May 24, 2017 hearing does not clearly indicate the trial judge adjudicated Defendant a third felony offender, minutes and the transcript of a September 12, 2017 hearing indicate the parties considered that adjudication to have been made." At a June 12, 2018 hearing regarding resentencing, the State informed the trial court: "I believe the Court found him to be a third habitual offender." The State further informed the trial court about multiple convictions occurring on the same date, stating: "[A]ll of those can be enhanced and he can be found a third habitual offender on all of those convictions that he has; however, they would be run concurrent." In its June 15, 2018 ruling setting forth Defendant's sentence, the trial court stated that Defendant was a fourth offender.

When the current appeal was lodged, an appeal was also lodged bearing the lower court docket number for Defendant's underlying convictions. In *State v. Young*, 18-859 (La.App. 3 Cir. 2/6/19) (unpublished opinion), this court, in

7

dismissing that appeal, noted: "Comments of the parties at the September 12, 2017 hearing indicate that all [of] the parties agreed that the judge found Defendant to be a third habitual offender at the hearing held on May 24, 2017." *Id.* at p. 1 n.2.

In light of the State's assertion regarding Defendant's classification and this court's findings in *Young*, 246 So.3d 597, *Young*, 17-1107, and *Young*, 18-859, the trial court erred in imposing sentence as a fourth felony offender, irrespective of the deviation from the statutory sentences required thereunder. Therefore, Defendant's sentence is vacated for this reason.

### *Sentences Subject to Enhancement*

The State asserts that the trial court erred when failing to sentence Defendant as a habitual offender on both offenses listed in the habitual offender bill of information. These included possession of cocaine with intent to distribute, a violation of La.R.S. 40:967, and possession of codeine with intent to distribute, a violation of La.R.S. 40:970. The trial court, in its written ruling stated, "To the extent this Court has discretion to determine which offense to use for sentencing, the Court opts to use the codeine-based conviction." The trial court then proceeded to impose a single five-year sentence, to run concurrently with any other sentence the Defendant was serving. The State argues that it was error for the trial court to select which sentence was to be enhanced when enhancement was sought for both of Defendant's convictions. We agree.

The Habitual Offender Statute, La.R.S. 15:529.1(A)(1) (emphasis added), provides in relevant part as follows:

> Any person who, after having been convicted within this state of a felony . . . thereafter commits **any subsequent felony** within this state, upon conviction of said felony, **shall be punished as follows**[.]

8

In *State v. Shaw*, 06-2467 (La. 11/27/07), 969 So.2d 1233, the supreme court overruled its decision in *State ex rel. Porter v. Butler*, 573 So.2d 1106 (La.1991), which prohibited habitual offender enhancement of more than one conviction obtained on the same date arising out of a single criminal act or episode. In *Shaw*, the supreme court held that the trial court did not err in its enhancement of each of five convictions occurring on the same date in adjudicating the defendant a third felony offender, stating "we find that the lower courts correctly concluded that all multiple sentences imposed after a single course of criminal conduct can be enhanced under the Habitual Offender Law." *Shaw*, 969 So.2d at 1235. The court detailed its holding as follows:

> We therefore hold that the language of LSA-R.S. 15:529.1 contains no prohibition against enhancing multiple sentences obtained on the same date arising out of a single criminal act or episode. Unlike the *Porter* court, we find no legislative purpose or policy that is contradicted by failing to read such a prohibition into the statute's language. Nor does a plain reading of the statute generate absurd or unjust results. In clear and unambiguous terms, the statute exposes a person who has previously been convicted of a felony to enhanced penalties for any felony committed after the date of the prior felony conviction. There is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same date, whether the convictions result from separate felonies committed at separate times or arise out of a single criminal act or episode. To the extent that the opinions in [*State ex rel.*] *Porter* [*v. Butler*, 573 So.2d 1106 (La.1991),] and [*State v.*] *Sherer*[, 411 So.2d 1050 (La.1982),] are inconsistent with this conclusion, they are overruled.

*Id.* at 1245.

Accordingly, there is no prohibition against imposing enhanced sentences for both of Defendant's convictions of possession with intent to distribute, and the trial court erred in not sentencing Defendant as a third felony offender on each conviction. Further, La.Code Crim.P. art. 61 states, "Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines

9

whom, when, and how he shall prosecute." In reversing a trial court judgment that declared the provisions of La.R.S. 15:529.1 unconstitutional, the supreme court, in *Dorthey*, 623 So.2d at 1280, recognized the district attorney's authority to determine when enhancement of a sentence should be sought pursuant to the statutory scheme:

> In essence, based on our understanding of the traditional role of the district attorney in criminal prosecution and the power of the Legislature to vest him with discretionary functions pertaining to criminal prosecution at the initial and subsequent stages of prosecution, we conclude that the provisions of 15:529.1 do not violate Louisiana's constitutional separation of powers. By imposing certain habitual offender statuses and corresponding penalties, the Legislature has merely established a procedure which enables a district attorney to seek and the courts to exact more severe sentences on defendants who repeatedly violate the criminal laws. The Legislature has acted within its constitutional authority which allows it to determine and define a crime and provide its penalty. It has not delegated any of its duties to the judicial or executive branches, nor has it usurped the judiciary's discretion in sentencing a defendant. Accordingly, no separation of powers violation exists.

In *State v. Brisco*, 04-3039 (La. 7/6/06), 933 So.2d 754, the supreme court was called on to determine who had the authority to determine the applicable sentencing provision when a general criminal provision differed from that established in a special provision. The court addressed the issue, stating:

> The district attorney has broad discretion in both the institution and handling of criminal prosecutions. LSA-Const. art. V, § 26(B); LSA-R.S. 16:1(B); *State v. Walker*, 2000-0334, p. 4 (La.App. 1 Cir. 12/22/00), 775 So.2d 663, 666, *writ denied*, 01-0235 (La.12/07/01), 803 So.2d 23. When conduct is made criminal under a section of the revised statutes and is also criminal according to some special statute, prosecution may proceed under either provision, at the discretion of the district attorney. LSA-R.S. 14:4(2). Even when the penalty under a general criminal provision differs from that established in a special provision, the district attorney has the discretion to proceed under either provision. *See State v. Juluke*, 374 So.2d 1259, 1260 (La.1979); *State v. Smith*, 597 So.2d 1151 (La.App. 1 Cir.), *writ denied* 599 So.2d 311 (La.1992).
>
> A district attorney has great discretionary power to file a habitual offender bill under LSA-R.S. 15:529.1(D), just as he has the initial power to prosecute "whom, when, and how" he chooses. *State v. Dorthey*, 623 So.2d at 1279. For example, the use of the habitual offender laws by the district attorney simply provides an ancillary

10

sentencing factor designed to serve important and legitimate societal purposes. *State v. Orange*, 02-0711 (La.App. 1 Cir 4/11/03), 845 So.2d 570, *writs denied*, 03-1352 (La.5/21/04), 874 So.2d 161, 03-2195 (La.7/2/04), 877 So.2d 137. Just as the discretion to charge a defendant under the habitual offender law lies with the district attorney, so does the discretion lie to invoke the firearm sentencing provisions under LSA-C.Cr.P. art. 893.1, *et seq.* The legislature granted that broad discretion to the district attorney. Once the district attorney exercises the discretion to utilize LSA-C.Cr.P. art. 893.1, *et seq.*, the sentencing discretion afforded the trial court under LSA-R.S. 14:37.1 is no longer available. The trial court must sentence according to the mandatory minimum penalties for possession, use, discharge, or use or discharge causing bodily injury when a firearm is involved in the commission of felonies and certain specified misdemeanors, provided the relevant conditions are met and proper procedures are followed.

. . . .

We hold that the State may invoke the firearm sentencing provisions set out in LSA-C.Cr.P. art. 893.1, *et seq.*, although an element of assault by drive-by shooting also forms the basis for limiting the discretion of the trial court in sentencing. These provisions can be reconciled to afford the district attorney discretion to invoke the firearm sentencing provisions depending upon how the firearm was deployed in the criminal activity. The district attorney is entitled to exercise that discretion after evaluating the degree of culpability of the offender based upon how the firearm was used and whether bodily injury was inflicted.

*Id.* at 762-63 (footnote omitted).

While the supreme court's holding specifically dealt with the sentencing enhancement for the use of a firearm in the perpetration of the underlying offense, it specifically highlighted that the same rationale applies to habitual offender sentencing enhancement cases. Simply stated, once the State selects the charges for which the sentence enhancements apply, the trial court has no discretion to ignore that selection if the defendant is, in fact, determined to be a habitual offender.

As previously noted, Defendant pled guilty to possession with intent to distribute cocaine and possession with intent to distribute codeine, and the habitual offender bill of information listed both convictions as subject to sentence enhancement. Based on the cases cited and the power of the district attorney, as set

11

forth in La.Code Crim.P. art. 61, it was error for the trial court to refuse the State's request to enhance both sentences after Defendant was found to be a habitual offender under La.R.S. 15:529.1. Without question, the trial court had the authority to deviate from the minimum sentence set forth under the habitual offender statute, on a specific finding that such would be constitutionally excessive as applied to Defendant. *Dorthey*, 623 So.2d 1276. However, the trial court cannot simply ignore the provisions of this law by picking and choosing which sentence to enhance. By doing so here, the trial court erred.

### *Illegally Lenient Sentence*

The State next contends that the trial court erred in imposing an illegally lenient sentence outside the minimum limits of the habitual offender statute. The State makes several claims within this argument. First, it contends there was no evidence to show that Defendant was exceptional and entitled to a downward departure under *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, and *Dorthey*, 623 So.2d 1276. Next, it asserts that there was insufficient evidence presented to find prosecutorial vindictiveness or that the delay in filing the habitual offender action demonstrated an abuse of the State's authority. Finally, the State asserts that even if the new cleansing law applied to Defendant, he would still be subject to a minimum sentence of fifteen years as a second felony offender for the underlying conviction of possession of cocaine with the intent to distribute.

We have already concluded that the trial court erred in failing to sentence Defendant as a habitual offender for the offense of possession of cocaine with the intent to distribute, in violation of La.R.S. 40:967(A). Both of the offenses that Defendant was charged with were committed on February 4, 2014. At the time of the offense, Defendant was subject to a penalty of two to thirty years at hard labor and a fine of up to $50,000.00, with the first two years to be served without benefit

12

of parole, probation, or suspension of sentence on the offense of possession with the intent to distribute cocaine. La.R.S. 40:967(B)(4)(b).[2] After being adjudicated a third felony offender, Defendant was subject to a minimum sentence of twenty years at hard labor and a maximum sentence of not more than sixty years at hard labor as per the provisions of La.R.S. 15:529.1 in effect at the time of the underlying conviction.[3] He was sentenced to five years total on both offenses, and thus, the sentence is illegally lenient on its face.

La.R.S. 40:970(B), at the time of the offense, provided for a sentence of not more than five years and a fine of not more than $5,000.00 for the offense of possession of codeine with the intent to distribute.[4] Under La.R.S. 15:529.1(A)(4)(a) as then in effect, a third offender would be subject to a minimum sentence of three and one-third years (three years and four months), while the maximum sentence possible was ten years in prison. Defendant was sentenced to serve five years total on both underlying offenses. Thus, the sentence imposed, if imposed solely for this offense, would not be illegally lenient on its face.

The balance between the role of the legislative branch in setting minimum and maximum sentences, such as those set forth in the habitual offender statute, and the judiciary's role in sentencing, was discussed in *Johnson*, 709 So.2d at 675-76:

> It is important to understand the roles both the Legislature and the judiciary have in sentencing persons for their criminal activity. The Legislature has sole authority under the Louisiana Constitution to define conduct as criminal and provide penalties for such conduct. La.

---

[2] 2017 La. Acts No. 281, § 2 amended the penalty effective August 1, 2017, to not less than one year nor more than ten years and, in addition, a fine of not more than fifty thousand dollars, for an aggregate weight of less than twenty-eight grams with greater penalties for greater quantities.

[3] 2017 La. Acts No. 257, § 1 and 2017 La. Acts No. 282 § 1 altered the sentencing ranges set forth in La.R.S. 15:529.1.

[4] 2017 La. Acts No. 281, § 2 and 2018 La. Acts No. 206, § 4 amended the penalty for possession of a Schedule V controlled dangerous substance to not less than one year nor more than five years and a fine of not more than $5,000.00.

Const. art. III, § I; *State v. Dorthey, supra* at 1280; *State v. Taylor*, 479 So.2d 339, 341 (La.1985). Acting pursuant to this authority, the Legislature passed the Habitual Offender Law. This Court, on numerous occasions, has held this statute to be constitutional. *See, e.g., State v. Dorthey, supra*; *State v. Badon*, 338 So.2d 665, 670 (La.1976). Since the Habitual Offender Law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. *Dorthey, supra* at 1281 (Marcus, J., concurring); *State v. Young*, 94-1636 (La.App. 4th Cir. 10/26/95), 663 So.2d 525.

Given the above, it is apparent that the Legislature's determination of an appropriate minimum sentence should be afforded great deference by the judiciary. This does not mean, however, that the judiciary is without authority to pronounce a constitutional sentence if it determines that a mandatory minimum sentence is excessive in a particular case. Instead, we have held that courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, although it falls within the statutory limits provided by the Legislature. *State v. Sepulvado*, 367 So.2d 762, 767 (La.1979). In *State v. Dorthey, supra*, this Court recognized that this power extends to the minimum sentences mandated by the Habitual Offender Law. *Id.* at 1280-81. However, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive.

What exists, then, is a delicate balance between the Legislature and the judiciary. On one hand, the Legislature has the constitutional authority to determine the appropriate penalty for a crime. On the other hand, the judiciary has the authority, in the rare case, to declare a sentence within these statutory limits excessive under the facts of a particular case. The issue for this Court is to determine under what rare circumstances a sentencing court should exercise its authority to declare excessive a minimum sentence mandated by the Habitual Offender Law.

A court is only permitted to depart from a minimum sentence if it finds that the defendant has proven, by clear and convincing evidence, that the mandatory minimum sentence is so excessive in his case that it violates our constitution, rebutting the presumption of constitutionality. Further, a "trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality[]" as "this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders." *Id.* at 676.

14

We find that the trial court erred in finding that Defendant proved by clear and convincing evidence that his case is exceptional such as to warrant the substantial deviation from the habitual offender minimum sentences set out in La.R.S. 15:529.1. First, the trial court improperly considered the "non-violent" nature of Defendant's past and present offenses during sentencing, when, as reflected herein, such is already accounted for in the provisions of the habitual offender law.

Second, there was no clear and convincing proof of prosecutorial vindictiveness, as used by the trial court as a reason for the downward departure. The colloquy from the May 24, 2017 sentencing hearing, wherein the issue of prosecutorial vindictiveness was introduced as a motivation for the habitual offender proceeding, reflects no evidence of actual vindictiveness, but rather Defendant's perception, as recounted by his then attorney, Mr. Brown, as follows:

Q.　　Okay. And did you reject that offer initially?

A.　　I did.

Q.　　Did you convey it to the client?

A.　　I did.

Q.　　And did he offer you a guide -- or an explanation as to why the offer was so high?

A.　　Yeah. What he informed me was that he had -- it was because they felt -- the State felt as if he had beat a murder charge.

Q.　　And did you know anything about a previous murder charge?

A.　　I did not at the time.

Q.　　Okay. And that was from '03?

A.　　That was from 2003, yes.

Q.　　And he told you that the State was being extra tough on him because they felt like he had gotten off of a murder charge? (Quote)

A.　　Exactly.

15

The only evidence in the record to support this accusation is that which was leveled by a defendant, who after having been convicted of three prior felonies, faces sentencing on two serious drug charges. The State's original sentencing offer to Defendant, prior to his original pleas of guilty to the underlying offenses, was twenty years. This, alone, was well within the sentencing range for the offense of possession with the intent to distribute a Schedule II controlled dangerous substance (cocaine), notwithstanding the other charge to which Defendant pled guilty and that he was subject to exposure as a habitual offender. Thus, the State's filing of the habitual offender bill, when Defendant was sentenced to a total of five years on both counts of possession with the intent to distribute, can hardly be described as an act of vindictiveness related to the unrelated murder charge. Indeed, the State advised the trial court and Defendant, at the time of his original pleas to the underlying charges, that it fully intended to file the habitual offender bill before his sentence was imposed.

The evidence further reflects that the murder charge referred to in relation to Defendant was reviewed by a grand jury, which pretermitted an indictment at that time. This does not reflect that Defendant "beat a murder charge." It simply reflects that the grand jury took no action at that time. Indeed, another grand jury indicted Defendant on the same murder charge as reflected in the trial court's sentencing ruling. There is no statute of limitations for the institution of murder charges. La.Code Crim.P. art. 571. Moreover, there was no other evidence of vindictiveness by the State, which was acting within its broad discretion in seeking enhanced sentences pursuant to La.R.S. 15:529.1.

The State's attempt to resolve the underlying charges, without resorting to habitual offender proceedings, by offering Defendant a twenty-year sentence can hardly be found extraordinary when Defendant faced the same sentence, by itself, on the charge of possession with the intent to distribute cocaine. Thus, based on the

16

evidence presented at the hearing, the trial court erred when it based a downward departure of the mandatory minimum sentence, in part, on a finding of prosecutorial vindictiveness.

In addition, we find that the trial court's rationale for finding that Defendant was an exceptional case, thus, requiring a deviation from the minimum sentence provided by La.R.S. 15:529.1(3)(a), is misplaced. The trial court found as mitigating factors the fact that "Defendant was not the focus of drug enforcement officials" but that the "traffic stop had the unfortunate consequence (to the Defendant) of leading to his arrest on the drug charges." However, it was the choice of Defendant, himself, that led to his arrest and conviction for possessing illegal drugs with the intent to distribute those drugs. Further, the trial court stated that the "amount of drugs [in] his possession at the time of his arrest were arguably on the borderline of amounts to justify possession with intent" as a justification for the downward departure. This belies the fact that Defendant was arrested for possession with the intent to distribute of each of the two controlled dangerous substances and that he pled guilty to each offense as charged. This certainly does not qualify Defendant as the exceptional case such as to warrant a finding that the sentencing provisions of La.R.S. 15:529.1 are unconstitutional as applied to him, nor does the recognition of the Defendant's show of remorse.

Next, the State argues that trial court's conclusion, that the delay in the habitual offender proceeding demonstrated an abuse of the State's authority, was not supported by the record. In its written ruling, the trial court stated, "His prior convictions are remote in time and provide further argument that habitualizing him at this late date represents an abuse of the prosecutor's authority." We find that the trial court erred in finding that such a delay was caused by the State or that any such

17

delay was grounds for finding La.R.S. 15:529.1 unconstitutional as applied to Defendant.

The record establishes that Defendant originally pled not guilty to the underlying offenses on July 25, 2014. At a preliminary examination on July 30, 2014, Defendant acknowledged that the hearing was rendered moot as he had been indicted by a grand jury. At a hearing on October 30, 2014, the case was set for trial on February 2, 2015. On February 2, 2015, Defendant pled guilty as charged to both offenses, the trial court sentenced defendant to serve five years on each offense, and the State then announced that it intended to file a habitual offender bill of information prior to the sentencing. On February 13, 2015, the State filed the habitual offender bill of information. Defendant appeared in court on April 20, 2015, and entered a not guilty plea to the habitual offender charge. The first habitual offender trial was held September 11, 2015, at the conclusion of which the trial court held that Defendant was a habitual offender and sentenced him to twenty years at hard labor, without the benefit of probation, parole, or suspension of sentence.

On October 28, 2015, at a hearing on Defendant's motion for a new trial, the matter was reset for December 2, 2015, on motion of the State. On December 2, 2015, the trial court granted the motion for new trial on the habitual offender status and set the trial for February 19, 2016. On February 19, 2016, the trial court granted Defendant's motion to continue the hearing to April 5, 2016. On April 5, 2016, the trial court granted Defendant's motion to continue the hearing to June 8. 2016. On June 8, 2016, the trial court granted Defendant's motion to continue the hearing to September 28, 2016. On September 28, 2016, the trial court granted Defendant's motion to continue the hearing to November 11, 2016. On November 11, 2016, the trial court granted Defendant's motion to continue the hearing to May 24, 2017.

18

On May 24, 2017, the hearing was held and then recessed to June 12, 2017. On that date, the matter was continued to September 12, 2017, when Defendant appeared in court without counsel. On September 12, 2017, the trial court sentenced Defendant to five years as a habitual offender, which resulted in the State's appeal and the opinion of this court in *Young*, 246 So.3d 597, vacating Defendant's sentence and remanding the matter for resentencing. On May 15, 2018, the trial court set the resentencing for June 12, 2018. Following the resentencing hearing, the trial court took the matter under advisement, and thereafter, rendered the written ruling on June 15, 2018, which was filed and made the sentence of the trial court on July 25, 2018, resulting in the current appeal.

As the lengthy record of this case reflects, there was no delay by the State in initiating the habitual offender proceedings, and any delays in the case have been the result of the many continuance requests made by Defendant, as well as the hearings on motions, retrials, appeals, and hearings on remand following the appeal. There has been no prejudice to the accused resulting from any delay, regardless of the cause. *State v. Anderson*, 10-256 (La.App. 3 Cir. 10/6/10), 48 So.3d 1202, *writ denied*, 10-2472 (La. 3/4/11), 58 So.3d 473. Certainly, this does not provide any cause to consider Defendant's case exceptional, such as to support a finding that the minimum sentence provided by La.R.S. 15:529.1 is unconstitutional as to him. Thus, we find that the trial court erred in so concluding.

Finally, the State argues that the trial court improperly applied the benefits of La.R.S. 15:529.1, as amended in 2017, in finding that Defendant's case warranted a downward departure from the mandatory minimum sentence. The law is clear that the provisions of the statute, in effect at the time of the commission of the offense, apply to the sentence to be imposed. *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317. Thus, the trial court erred in considering this factor to find that Defendant

19

was an exceptional case so as to deviate his sentence below that provided by La.R.S. 15:529.1.

For these reasons, we find that the trial court erred in sentencing Defendant to an illegally lenient sentence. Accordingly, this matter is remanded to the trial court with instructions to sentence Defendant, orally in open court, as a third felony offender for possession with intent to distribute cocaine, violations of La.R.S. 40:967 and La.R.S. 15:529.1, with the sentence to be imposed without benefit probation or suspension of sentence. Further, the trial court is instructed to sentence Defendant, orally in open court, as a third felony offender for possession with the intent to distribute codeine, violations of La.R.S. 40:970 and La.R.S. 15:529.1, with the sentence to be imposed without benefit of probation or suspension of sentence.

## DECREE

Defendant's sentence is vacated, and the matter is remanded for resentencing Defendant as a third felony habitual offender. The trial court is instructed to sentence Defendant, orally in open court, as a third felony offender for possession with intent to distribute cocaine, violations of La.R.S. 40:967 and La.R.S. 15:529.1, with the sentence to be imposed without benefit probation or suspension of sentence. Further, the trial court is instructed to sentence Defendant, orally in open court, as a third felony offender for possession with the intent to distribute codeine, violations of La.R.S. 40:970 and La.R.S. 15:529.1, with the sentence to be imposed without benefit of probation or suspension of sentence. The trial court is further instructed that Defendant's sentence must be imposed orally in open court and recorded in the minutes of court as required by La.Code Crim.P. art. 871.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING, WITH INSTRUCTIONS.**

20